UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAIYA SOLOMON,

    Plaintiff,

v.

HARTFORD HOSPITAL, et al.,

    Defendants.

CASE NO. 3:02CV1116(EBB)

JANUARY 22, 2004

## PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

Plaintiff Saraiya Solomon, by and through her undersigned counsel, pursuant to Local Rules 7(b),16(b), and 37 of this District, moves to extend the period for the completion of discovery so that Plaintiff's counsel may confer with opposing counsel and discuss outstanding discovery issues in a good faith effort to eliminate or reduce areas of controversy.

In an Order dated January 12, 2004, the Court granted Plaintiff's unopposed Motion to Modify the Scheduling Order to allow the parties to establish a mutually available time for Defendants to complete Plaintiff's deposition. (Doc. #38) Upon information and belief, all depositions are now complete and requests for production, interrogatories, admissions, and mental examinations served and responded to, including objections.

Plaintiff's instant Motion requests a thirty (30) day modification to confer with opposing counsel and moves, specifically, that:

A. the deadline to close discovery be extended up to and including February 21, 2004, from its present date of January 22, 2004;

B. the deadline for the filing of dispositive motions be extended to February 21, 2004, from its present date of February 6, 2004;

C. the deadline for filing the Joint Trial Memorandum be extended to April 22, 2004,

from its present date of April 7, 2004, or sixty (60) days after a ruling on any motion for summary judgment; and

D. that the case be ready for trial by May 22, 2004, or within thirty (30) days of the filing of the Joint Trial Memorandum.

In support of this Motion, the Plaintiff offers:

1. By endorsement of the Court, upon the parties' unopposed or joint motions, the case Scheduling Orders have been modified six (6) times to allow for the completion of discovery. (May 21, 2003, Doc. #24) (July 28, 2003, Doc. #29) (September 4, 2003, Doc. #32) (October 28, 2003, Doc. #34) (December 12, 2003, Doc. #36) (January 12, 2004, Doc. #38)

2. Plaintiff's discovery requests from Defendants consist of:

   a. Requests for Production served in two parts: Defendants responded to Plaintiff's Requests 1 through 94 on May 28, 2003, and to Plaintiff's Requests 95 through 156 on October 31, 2003;

   b. Requests for Admissions served in two parts: Defendants responded to Plaintiff's Requests 1 through 191 on September 19, 2003, and to Plaintiff's Requests 193 through 250 on October 31, 2003; and

   c. Requests for Interrogatories to Defendant Susan A. O'Connell responded to by Defendant on October 24, 2003.

3. Defendant's counsel has requested the following extensions of time, none of which have been objected to by Plaintiff:

   a.   Motion to Extend Time to Respond to Production Requests (Doc. #23);

   b.   Motion to Extend Time to Respond to Plaintiff's Requests for Admission (Doc. (Doc. #30);

2

  c. Motion to Extend Time to Respond to Plaintiff's Requests for Admission (Doc. (Doc. #31);

  d. Motion to Extend Time to Complete Discovery (Doc. #33);

  e. Motion to Extend Time to Complete Discovery (Doc. #35).

4. Defendants filed objections to numerous of Plaintiff's requests and a number of these objections were resolved by Plaintiff's service of additional requests.

5. However, numerous objections remain to the disclosure of documents that Plaintiff asserts are necessary to her claims, the absence of which may provide Defendants a defense to these same claims.

6. At Plaintiff's final day of deposition on January 21, 2004, Defendants, for example, addressed Plaintiff's lack of statistical evidence to support Plaintiff's claims when Defendants had objected to the disclosure of such information as unduly burdensome.

7. Defendant Hartford Hospital is a corporation employing approximately 5000 individuals and having as its legal counsel a law firm comprised of "more than 125 attorneys who are supported by over 190 paralegal, professional and support staff." http://www.shipman-goodwin.com/about.htm

8. In Defendants Second Request for Extension of Time to Respond/Object to Plaintiff's First Set of Admission, dated August 22, 2003, Defendants counsel claimed that "[d]ue to the tremendous number of requests [from Plaintiff's counsel, a solo practitioner], the unavailability of various individuals during the summer vacations, and the extensive research that is necessary to enable the defendants to respond," defendants required additional time. (Doc. #31 at ¶2)

9. Plaintiff's counsel now claims reasons similar to those claimed by Defendants' counsel, quoted in paragraph 8, above; specifically, due to the tremendous number of objections [by

## CERTIFICATION

I HEREBY CERTIFY THAT the foregoing <u>Plaintiff's Motion to Modify Scheduling Order</u> was mailed, first-class, postage-paid, on January 22, 2004, to:

Brenda A. Eckert, Esq.
Shipman & Goodwin LLP
1 American Row
Hartford CT 06103-2819


_____
Rachel M. Baird

5

Defendants' counsel], the unavailability of Plaintiff's counsel due to work required on other cases, and the extensive research that is necessary for Plaintiff's counsel to respond to the objections, an extension of time is warranted and will not prejudice the Defendants.

10. Defendants counsel indicates that they object to the Plaintiff's request and will file an objection under "separate cover."

WHEREFORE, the undersigned respectfully requests a modification of the Scheduling Order to extend the discovery period and derivative deadlines by thirty (30) days in accordance with the dates set forth in (A) through (D), above.

PLAINTIFF
SARAIYA SOLOMON

BY: _____
Rachel M. Baird
(Fed. Bar No. 12131)
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT 06790-5239
Tel: (860) 626-9991
Fax: (860) 626-9992

4