UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARAIYA SOLOMON : | CASE NO. 3:02-cv-1116 (GLG) |
| Plaintiff, : | |
| v. : | |
| HARTFORD HOSPITAL, et al. : | |
| Defendants. : | January 23, 2004 |

DEFENDANTS' OBJECTION TO
PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER

The defendants respectfully object to plaintiff's Motion to Modify the Scheduling Order in the above matter.

Plaintiff has moved for an order extending the discovery deadline in this matter by an additional thirty (30) days, from January 22, 2004 to February 21, 2004. Pursuant to Local Civil Rule 16(b), the scheduling order "established by the Court for completing discovery ... shall not be modified except by further order of the Court on a showing of good cause." Rule 16(b) further provides that "[t]he good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted

**ORAL ARGUMENT NOT REQUESTED**

-2-

their proposed case management plan." Plaintiff's present motion fails to meet the good cause standard.

Plaintiff requests an extension of time so that her counsel "may confer with opposing counsel and discuss outstanding discovery issues in a good faith effort to eliminate or reduce areas of controversy." Specifically, she claims that "numerous objections remain to the disclosure of documents that Plaintiff asserts are necessary to her claims, the absence of which may provide Defendants a defense to these same claims." Defendants served plaintiff with their responses to her First Set of Requests for Production (1 through 94) almost *eight months* ago. More than three months ago, on October 31, 2003, the defendants responded to an additional 61 production requests (95 through 156). However, at *no time* since defendants served any of their responses to any of plaintiff's discovery requests (even up until to today) has plaintiff's counsel contacted defendants' counsel to discuss *any* "outstanding discovery issues" or address any "areas of controversy." Thus, not only did the plaintiff fail to make a diligent effort to address any alleged "outstanding discovery issues" prior to the close of discovery – she made *no effort*.

Since May 28, 2003, the date on which plaintiff received defendants' first set of responses to her Request for Production, the Scheduling Order has been modified five (5) times. Further, the Scheduling Order has been modified twice since plaintiff received

-3-

defendants' responses to her Second Request for Production of Documents on October 31, 2003. If there were "outstanding discovery issues" relating to defendants' responses to Plaintiff's Requests for Production, undoubtedly they were "reasonably foreseeable" at the time these Motions to Modify the Scheduling Order were filed. Thus, there is no reason that plaintiff could not have addressed such issues within the time provided for by the previous Scheduling Orders.

In addition, although plaintiff states in her motion that "numerous objections remain to the disclosure of documents that Plaintiff asserts are necessary to her claims, the absence of which may provide Defendants a defense to these claims," she has provided the Court with absolutely *no information* – other than her own conclusory statements -- about the substance of the alleged documents requested or why such documents are "important to her claims." Plaintiff has completely failed to demonstrate that there exists "good cause" sufficient to warrant an extension of the discovery deadline.

WHEREFORE, for all the foregoing reasons plaintiff's Motion to Modify the Scheduling Order should be denied.

DEFENDANTS,
HARTFORD HOSPITAL, GLADYS
CIASCHINI, SUSAN O'CONNELL, AND
SANDRA NILES

By _____
Brenda A. Eckert (ct00021)
Beckert@goodwin.com
Gregg Goumas (ct19095)
Ggoumas@goodwin.com
For Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5000

-5-

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Objection to Plaintiff's Motion to Modify Scheduling Order was mailed, via U.S. mail, postage prepaid, on this 23rd day of January, 2004, to:

Attorney Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT  06790-5239

*[signature]*
Gregg P. Goumas

363101 v.01 S1