117. Other than retrieving her laptop from Ms. Lynch's office, plaintiff had no contact with the employees or other individuals who would sit in Ms. Lynch's office.

**Paychecks**

118. On January 25, 2001, two days following plaintiff's written complaint of discrimination to defendant Ciaschini, plaintiff received an unsealed pay envelope.

119. Prior to January 25, 2001, plaintiff had received her pay in sealed envelopes.

120. On March 1, 2001, after receiving eighty-eight (88) consecutive paychecks during the course of her employment at the hospital, plaintiff did not receive a paycheck.

121. Plaintiff was informed by the payroll department that plaintiff's timecard had been the only time card not submitted by defendant O'Connell.

122. The payroll department issued plaintiff's check on March 2, 2001.

**Discrimination Complaint**

123. Plaintiff submitted a letter dated February 12, 2001, informing Defendant Ciaschini of plaintiff's intent to file an affidavit of illegal discrimination with the Connecticut Commission on Human Rights and Opportunities.

**COUNT VI**
**RETALIATION**
**AGAINST ALL DEFENDANTS**
**42 U.S.C. § 1981**

124. Paragraphs 1 through 123 and 126 through 182 are incorporated herein by reference as though fully set forth herein.

23

125. Defendant Hartford Hospital and defendant Ciaschini, acting as the hospital's agent and in her individual capacity, and defendant O'Connell, acting as the hospital's agent and in her individual capacity, retaliated against plaintiff by ensuring that plaintiff would not be eligible to interview for new or open positions in the hospital prior to the March 31, 2001, elimination of plaintiff's position at the hospital because of plaintiff's race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## COUNT VII
## DISPARATE IMPACT OF EMPLOYMENT PRACTICE
## AGAINST DEFENDANT HARTFORD HOSPITAL
## 42 U.S.C. §§ 2000e-2(a), 2000e-2(k)

126. Paragraphs 1 through 125 and 135 through 182 are incorporated herein by reference as though fully set forth herein.

127. Defendant Hartford Hospital and defendant Ciaschini, acting as the hospital's agent, and defendant O'Connell, acting as the hospital's agent, used an employment practice that required black employees to engage in non-job related conversation with white employees using discipline to enforce this requirement, but did not require black employees to engage in non-job-related conversation with other black employees, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 2000e-2(k).

128. Plaintiff was suspended and issued a written warning for not communicating with Jan Lynch, Robert Lindyer, Susan Wright, Sandy Beggs, John Unikewicz, and Susan O'Connell, all of whom are white.

129. On August 5, 1999, at a meeting held in defendant O'Connell's office to discuss coverage at the entrance to the Conklin Building, plaintiff informed Kelvin Griffith, a patient transport aide, that plaintiff was frustrated with Mr. Griffith's unreliability in performing his duties and that plaintiff would not speak to him any further except if necessitated by business.

130. Mr. Griffith was black and later discharged from hospital employment.

131. Defendant O'Connell did not implement the discipline policy even though she witnessed, and watched without comment, plaintiff indicating that she would not engage in non-job related speech with Mr. Griffith.

132. Defendants O'Connell and Ciaschini immediately proceeded to Suspension (Step 4 of discipline policy) when plaintiff did not greet white employees with non-job related speech.

133. Defendants' policy caused plaintiff to be subjected to a rule that required her to give non-job related deferential treatment to white employees but not black employees.

134. The same policy caused white employees to believe that black employees were required to respond to every non-job related utterance o r interference of a white employee.

### COUNT VIII
### DISPARATE IMPACT OF EMPLOYMENT PRACTICE
### AGAINST DEFENDANT HARTFORD HOSPITAL
### 42 U.S.C. §§ 2000e-2(a), 2000e-2(k)

135. Paragraphs 1 through 134 and 143 through 182 are incorporated herein by reference as though fully set forth herein.

136. Defendant Hartford Hospital, though its Human Resources Consultants, including defendant Ciaschini, acting as the hospital's agent, used an employment practice that required Spanish and English lingual skills as qualification for certain administrative positions.

25

137. Such practice preferred or made mandatory the ability to speak both Spanish and English as a qualification for transfer, promotion, or hire.

138. The hospital employed the job qualification standard in a subjective manner without guidance from written hospital policy.

139. The hospital does not have a formalized written policy for determining whether a new or vacant position required that an applicant for the position possess Spanish and English lingual skills.

140. Defendant Hartford Hospital does not possess records, data, or written policy to demonstrate or support the business necessity of requiring or preferring Spanish and English lingual skills for certain positions.

141. The requirement or preference that applicants speak both Spanish and English is an employment practice that causes a disparate impact on individuals of plaintiff's race.

142. Defendant Hartford Hospital's employment practice of preferring or requiring Spanish and English lingual skills as is not reasonably related to the positions in question.

**COUNT IX**
**DEPRIVATION OF EMPLOYMENT OPPORTUNITIES AND**
**ADVERSE EFFECT ON EMPLOYMENT STATUS**
**AGAINST DEFENDANT HARTFORD HOSPITAL**
**42 U.S.C. § 2000e-2(a)(2)**

143. Paragraphs 1 through 142 and 145 through 182 are incorporated herein by reference as though fully set forth herein.

144. Defendant Hartford Hospital and defendant Ciaschini, acting as the hospital's agent, and defendant O'Connell, acting as the hospital's agent, implemented the hospital discipline policy regarding plaintiff, because of plaintiff's race, which deprived plaintiff of opportunities for pay increases, promotion, and transfer, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(2).

### COUNT X
### DEPRIVATION OF EMPLOYMENT OPPORTUNITIES AND ADVERSE EFFECT ON EMPLOYMENT STATUS AGAINST ALL DEFENDANTS
### 42 U.S.C. § 1981

145. Paragraphs 1 through 144 and 147 through 182 are incorporated herein by reference as though set forth fully herein.

146. Defendant Hartford Hospital and defendant Ciaschini, acting as the hospital's agent and in her individual capacity, and defendant O'Connell, acting as the hospital's agent and in her individual capacity, implemented the hospital discipline policy regarding plaintiff, because of plaintiff's race, which deprived plaintiff of opportunities for pay increases, promotion, and transfer, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### COUNT XI
### IMPOSITION OF NON-JOB RELATED EMPLOYMENT STANDARD AGAINST DEFENDANT HARTFORD HOSPITAL
### 42 U.S.C. § 2000e-2(a)

147. Paragraphs 1 through 146 and 152 through 182 are incorporated herein by reference as though set forth fully herein.

27

148. Defendant Hartford Hospital and defendant Ciaschini, acting as the hospital's agent, and defendant O'Connell, acting as the hospital's agent, and defendant Niles, acting as the hospital's agent, imposed a requirement that plaintiff defer to white employees' attempts to engage plaintiff in non-job related conversation because of plaintiff' race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

149. Defendant Niles' commented to the wife of a cancer center patient that plaintiff was "an uppity black bitch."

150. Defendants O'Connell and Ciaschini believed that plaintiff's failure to greet white employees merited suspension.

151. Defendants imposed upon plaintiff their racially motivated expectation that plaintiff, due to her race and subordinate position, would defer to white persons at the hospital, even white persons with whom the plaintiff did not work, by engaging in non-job related conversation or speech.

<u>**COUNT XII**</u>
**IMPOSITION OF NON-JOB RELATED EMPLOYMENT STANDARD**
**AGAINST ALL DEFENDANTS**
**42 U.S.C. § 1981**

152. Paragraphs 1 through 151 and 152 through 182 are incorporated by reference herein as though fully set forth herein.

153. Defendant Hartford Hospital and defendant Ciaschini, acting as the hospital's agent and in her individual capacity, and defendant O'Connell, acting as the hospital's agent and in her individual, capacity, and defendant Niles, acting as the hospital's agent and in her individual capacity, imposed a requirement that plaintiff defer to white employees' attempts to engage plaintiff in non-job related conversation because of plaintiff' race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

## COUNT XIII
## CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT
## CONN. GEN. STAT. § 46a-60(a)(1)

154. Paragraphs 1 through 153 and 156 through 182 are incorporated by reference herein as though fully set forth herein.

155. Defendant Hartford Hospital engaged in discriminatory employment practices in violation of CONN. GEN. STAT. §§ 46a-60(a)(1) by refusing to hire or employ plaintiff and by discriminating against plaintiff in the terms and conditions of her employment based on plaintiff's race.

## COUNT XIV
## CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT
## CONN. GEN. STAT. § 46a-60(a)(4)

156. Paragraphs 1 through 155 and 158 through 182 are incorporated by reference herein as though fully set forth herein.

157. Defendant Hartford Hospital engaged in discriminatory employment practices in violation of CONN. GEN. STAT. §§ 46a-60(a)(4) by retaliating against plaintiff because plaintiff opposed discriminatory acts.

29

## COUNT XV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

158. Paragraphs 1 through 157 and 163 through 182 are incorporated by reference herein as though fully set forth herein.

159. Defendant Hartford Hospital, by and through its agents named herein as defendants, and individual defendants Ciaschini, O'Connell, and Niles, caused plaintiff to suffer emotional distress as a result of the defendants' unlawful, discriminatory acts.

160. The defendants knew or should have known that plaintiff's emotional distress was the result of their unlawful, discriminatory acts.

161. The violation of plaintiff's rights under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, and the Connecticut Fair Employment Practices, and other state laws, as alleged, constitute extreme and outrageous conduct.

162. The distress to plaintiff was and is severe, including professional and personal embarrassment and humiliation.

## COUNT XVI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

163. Paragraphs 1 through 162 and 165 through 182 are incorporated by reference herein as though fully set forth herein.

164. Defendant Hartford Hospital, by and through its agents named herein as defendants, and individual defendants Ciaschini, O'Connell, and Niles, knew or should have known that their unlawful, discriminatory conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in plaintiff's harm.

30

## COUNT XVII
## BREACH OF IMPLIED CONTRACT OF EMPLOYMENT

165. Paragraphs 1 through 164 and 174 through 182 are incorporated herein by reference as though fully set forth herein.

166. Defendant Hartford Hospital violated an implied contract that specified a four-step discipline policy that was to be implemented promptly, consistently, and impartially.

167. The discipline policy, in accordance with Hartford Hospital Policy #601, mandates that a Final Written Warning (Step 3) precede a Suspension (Step 4).

168. The policy mandates that Steps 1-3 of the policy may be bypassed only if serious misconduct warrants immediate discharge.

169. Such policy ensured that an employee would be provided an opportunity to improve following a Final Written Warning before the employee would be subject to Suspension.

170. The plaintiff was suspended without pay prior to the issuance of a Final Written Warning.

171. When the plaintiff was issued a Final Written Warning subsequent to the Suspension, Hartford Hospital indicated that failure to improve would result in yet another Suspension or Termination.

172. Hartford Hospital's breach of its policy denied plaintiff an opportunity to seek transfer, promotion, or hire as an internal applicant for hospital employment.

173. Plaintiff would not have transferred to the Administrative Associate I position at the Conklin Building entrance, a position that was scheduled for elimination on March 31, 2001, but for the hospital's representation in its policy that its discipline policy would be implemented consistently and impartially.

174. The hospital's failure to apply its discipline policy consistently and impartially prevented the plaintiff from seeking transfer, promotion, or hire as an internal applicant for hospital employment and resulted in the plaintiff's unemployment after March 31, 2001.

## COUNT XVIII
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

175. Paragraphs 1 through 174 and 177 through 182 are incorporated herein by reference as though fully set forth herein.

176. Defendant Hartford Hospital breached an implied covenant of good faith and fair dealing when it failed or refused to implement a four-step discipline policy consistently and impartially.

## COUNT XIX
## TORTIOUS INTERFERENCE WITH CONTRACT AND PROSPECTIVE ECONOMIC ADVANTAGE

177. Paragraphs 1 through 176 are incorporated herein by reference as though fully set forth herein.

178. Individual defendants Ciaschini, O'Connell, and Niles, interfered with plaintiff's contractual rights in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the laws of the State of Connecticut.

Case 3:02-cv-01116-EBB   Document 49-2   Filed 03/30/2004   Page 11 of 14

179. A relationship between plaintiff, in her capacity as an employee, and Hartford Hospital, as the employer, existed at all relevant times hereto and until March 31, 2001.

180. Defendants O'Connell, Ciaschini, and Niles knew of the relationship between plaintiff and Hartford Hospital and, acting outside of the scope of their employment with Hartford Hospital, intentionally sought to interfere with plaintiff's employment relationship with Hartford Hospital.

181. Defendants O'Connell, Ciaschini, and Niles, acting outside the scope of their employment relationship with Hartford Hospital, acted maliciously to ensure that plaintiff would not obtain a transfer, promotion, or hire within the hospital.

182. Defendants O'Connell, Ciaschini, and Niles, acting outside the scope of their employment relationship with Hartford Hospital, acted maliciously to alter the terms and conditions of plaintiff's employment at Hartford Hospital.

33

## PRAYER FOR RELIEF

WHEREFORE, plaintiff suffered damages and requests this Court:

    A. Award plaintiff equitable relief including reinstatement and backpay;

    B. Award compensatory and punitive damages;

    C. Award plaintiff reasonable attorney's fees and costs;

    D. Award such other further relief as this court may deem appropriate.

Dated this 19th day of February, 2004, at Torrington, Connecticut.

                      PLAINTIFF
                      SARAIYA SOLOMON

BY: _____
        Rachel M. Baird
        (Fed. Bar No. 12131)
        Law Office of Rachel M. Baird
        Stonegate Professional Building
        379 Prospect Street
        Torrington CT 06790-5239
        Tel: (860) 626-9991
        Fax: (860) 626-9992

        *Her Attorney*

**EXHIBIT 1**

Case 3:02-cv-01110-EBB    Document 49-2    Filed 03/30/2004    Page 13 of 14

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE

*(Issued on request)*

| To: Saralya Solomon<br>123 BALTIMORE STREET<br>HARTFORD, CT 06112 | From:<br>EQUAL EMPLOYMENT OPPORTUNITY COMM.<br>Boston Area Office<br>John F. Kennedy Federal bldg. 4th F<br>Boston, MA 02203 |
|---|---|
| [ ] On behalf of a person aggrieved whose identity is CONFIDENTIAL<br>*(29 C.F.R. 1601.7(a))* | |

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 16AA11195 | Rance A. O'Quinn, Supv. | (617) 565-3200 |

( See the additional information attached to this form )

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue. It is issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

_____          April 3, 2002
Robert L. Sanders, Area Director                   (Date)

Enclosure(s)

cc: HARTFORD HOSPITAL
    80 SEYMOUR STREET
    HARTFORD, CT 06112

EEOC FORM 161-B (Rev 01/97)                        **CHARGING PARTY COPY**