FILED

May 12  1 15 PM '04

US DISTRICT COURT
N. HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAIYA SOLOMON                          :         CASE NO. 3:02-cv-1116 (GLG)
                                         :
          Plaintiff,                     :
     v.                                  :
                                         :
HARTFORD HOSPITAL;                       :
GLADYS CIASCHINI, as an agent            :
of HARTFORD HOSPITAL and                 :
individually; SUSAN A. O'CONNELL,        :
as an agent of HARTFORD HOSPITAL         :
and individually; and SANDRA NILES,      :
as a de facto agent of                   :
HARTFORD HOSPITAL and individually       :
                                         :
          Defendants.                    :         April 5, 2004


### DEFENDANTS' ANSWER AND AMENDED AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT DATED FEBRUARY 20, 2004

The defendants, Hartford Hospital (hereinafter "Hospital"), Gladys Ciaschini

(hereinafter "Ciaschini"), individually and as an agent of the Hospital, Susan A. O'Connell

(hereinafter "O'Connell") individually and as an agent of the Hospital, and Sandra Niles

(hereinafter "Niles") individually and as an agent of the Hospital, collectively referred to

herein as "defendants", answer the Plaintiff's Amended Complaint dated August 26, 2002, as follows:

## PRELIMINARY STATEMENT

1.      Defendants admit that the Plaintiff brings this action to seek money damages and other relief for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§§2000e *et seq.* (hereinafter "Title VII"), the Civil Rights Act of 1866, *as amended* (hereinafter "CRA 1866"), 42 U.S.C. §1981 (hereinafter "CRA 1981), the Connecticut Fair Employment Practices Act, §§46a-51 *et seq.* (hereinafter "CFEPA"), and the common laws of the state of Connecticut.  Defendants deny each and every remaining allegation of Paragraph 1, including the allegation that they have committed "unlawful acts" against Plaintiff under Title VII, CRA 1866, CRA 1981, CFEPA and/or the common laws of the state of Connecticut.

2.      Defendants admit that "[p]laintiff seeks in this action, among other relief and damages allowed under the law, reinstatement of her status as an employee of defendant Hartford Hospital with the concomitant opportunities for internal transfer and promotion to fill new or open positions."  Defendants deny each any every remaining allegation of

Paragraph 2, including any allegation that defendants have engaged in any wrongdoing toward the Plaintiff and that Plaintiff is entitled to any such relief and damages.

3.      Defendants deny each and every allegation of Paragraph 3, including each and every allegation of subparagraphs 3a through 3f.

## JURISDICTION

4.      Defendants admit each and every allegation of Paragraph 4.

5.      Defendants admit each and every allegation of Paragraph 5.

## ADMINISTRATIVE PREREQUISITES

6.      Defendant Hospital admits that on or about March 19, 2001, Plaintiff filed an Affidavit of Illegal Discriminatory Employment Practices with the Connecticut Commission on Human Rights and Opportunities (hereinafter "CHRO") charging it with discriminatory practices on the basis of race. Defendant Hospital admits that Plaintiff's Affidavit of Illegal Discriminatory Employment Practices also was filed with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), but it denies each and every remaining allegation of Paragraph 6.

7.      Defendants admit defendants O'Connell, Ciaschini and Niles testified during the CHRO's investigation of the Plaintiff's CHRO complaint, but they deny each and every remaining allegation of Paragraph 7.

8.      Defendants admit that the EEOC issued a Notice of Right to Sue terminating its processing of Plaintiff's charge.  Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 8 and leave Plaintiff to her proof.

9.      Defendants admit each and every allegation of Paragraph 9.

10.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 and leave Plaintiff to her proof.

11.     Defendants admit each and every allegation of Paragraph 11.

12.     Defendants admit each and every allegation of Paragraph 12.

13.     Defendants admit that defendant Ciaschini is a hispanic female and a citizen of the United States who has been employed as a Human Resources Consultant by defendant Hospital since July 2000.  Defendants deny each and every remaining allegation of Paragraph 13.

14.    Defendants admit that defendant O'Connell is a white female and a citizen of the United States who at all times relevant to this Complaint was employed by defendant Hospital as the Technical Manager of the Radiation Oncology Department at the Gray Cancer Center.  Defendants deny each and every remaining allegation of Paragraph 14.

15.    Defendants admit that defendant Niles is a white female and a citizen of the United States who at all time relevant to this Complaint was employed by defendant Hospital as the receptionist at the Gray Cancer Center.  Defendants deny each and every remaining allegation of Paragraph 15.

16.    Defendants deny each and every allegation of Paragraph 16.

## VIOLATIONS AND CLAIMS

### COUNT I
### DISCRIMINATORY TERMS, CONDITIONS AND PRIVILEGES OF EMPLOYMENT
### 42 U.S.C. §2000e-2(a)(1)
### AS TO DEFENDANT HOSPITAL

17.    Defendant Hospital repeats and re-alleges the answers to Paragraphs 1 through 16 and to Paragraphs 48 through 182 as if they were fully set forth herein.

18.    Defendant Hospital denies each and every allegation of Paragraph 18.

19.     Defendant Hospital denies the allegations of Paragraph 19 to the extent they allege that Plaintiff was hired as a "regular" Hospital employee.  Defendant Hospital admits each and every remaining allegation of Paragraph 19.

20.     Upon information and belief, defendant Hospital admits each and every allegation of Paragraph 20.

21.     With respect to the allegations of Paragraph 21, defendant Hospital denies that the full-time Administrative Associate I position for which Plaintiff applied was a position in the defendant Hospital's Radiation Oncology Department.  Defendant Hospital admits each and every remaining allegation of Paragraph 21.

22.     Defendant Hospital admits each and every allegation of Paragraph 22.

23.     Defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 23 and leaves Plaintiff to her proof.

24.     Defendant Hospital admits each and every allegation of Paragraph 24.

25.     Defendant Hospital admits each and every allegation of Paragraph 25.

26.     Defendant Hospital admits each and every allegation of Paragraph 26.

27.     Defendant Hospital denies each and every allegation of Paragraph 27.

28.     Defendant Hospital denies each and every allegation of Paragraph 28, including any allegation that Paragraph 28 contains an accurate and complete description of Plaintiff's job duties as an Administrative Associate I assigned to the Conklin Building entrance.

29.     Defendant Hospital admits each and every allegation of Paragraph 29.

30.     Defendant Hospital admits that defendant O'Connell was employed in the Radiation Oncology Department and was Plaintiff's manager while she was employed as an Administrative Associate I at the Conklin Building entrance.  Defendant Hospital also admits that defendant O'Connell has been employed by it since 1982.  Defendant Hospital denies each and every remaining allegation of Paragraph 30.

31.     To the extent they are garbled because they allege that defendant Niles "communicated with Plaintiff ... on a daily basis or more," defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31 and leave Plaintiff to her proof.  Defendant Hospital admits the allegations of Paragraph 31 to the extent that they allege that defendant Niles was the receptionist for the Gray Cancer Center "who communicated with Plaintiff by phone and at Plaintiff's work location in the Conklin Building."  Defendant Hospital also admits that defendant Niles has

been employed by defendant Hospital since 1990. Defendant Hospital denies each and every remaining allegation of Paragraph 31.

### Work Environment

32.     With respect to the allegations of subparagraph 32e, defendant Hospital admits that defendant Niles is white. Defendant Hospital denies each and every remaining allegation of Paragraph 32, including each and every remaining allegation of subparagraphs 32a. through 32j.

33.     Defendant Hospital denies each and every allegation of Paragraph 33, including the allegation that Plaintiff had such an encounter with defendant Niles on January 18, 2001.

34.     With respect to the allegations of Paragraph 34, defendant Hospital admits that Plaintiff gave defendant Ciaschini a letter dated January 23, 2001, the content of which speaks for itself. Defendant Hospital denies each and every remaining allegation of Paragraph 34, including the any allegation that defendant Niles engaged in harassing or discriminatory actions toward Plaintiff and that it was Plaintiff who initially complained about defendant Niles' conduct in a letter dated January 23, 2001.

### Job Assignments

35.     With respect to the allegations made in Paragraph 35, defendant Hospital admits that Plaintiff received a memorandum dated July 30, 1999 from defendant O'Connell.  Defendant Hospital lack sufficient knowledge or information to form a belief as the truth of the allegation that Plaintiff received this memorandum "on or about July 30, 1999" and leaves Plaintiff to her proof.  Defendant Hospital denies each and every allegation of Paragraph 35 based on the Plaintiff's characterization of the substance of the memorandum, the content of which speaks for itself.

36.     To the extent Plaintiff alleges that "she objected to the memorandum," defendant Hospital admits the allegations of Paragraph 36.  With respect to the allegations that "[p]laintiff objected to the memorandum because her position as an Administrative Associate I did not include patient transport in the position summary and two transport aides, Kelvin Griffith and Virginia Hernandez-Green were assigned to the entrance," defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegations pertaining to the reasons for Plaintiff's objection to the July 30, 1999 memorandum and leaves Plaintiff to her proof.  Defendant Hospital denies any allegation in Paragraph 36 that: the job duties of the Administrative Associate I position for which Plaintiff was hired did not include patient transport duties; that Plaintiff was the only

individual to whom defendant O'Connell gave such a memorandum on July 30, 1999; and that defendant O'Connell was discriminating against or harassing Plaintiff because of her race in giving her the July 30, 1999 memorandum.

37.     The content of the physician's note which Plaintiff obtained speaks for itself, but defendant Hospital denies the characterization of the substance of the physician's note in Paragraph 37. Defendant Hospital also denies each and every remaining allegation of Paragraph 37, including the allegations that patient transport duties were "additional duties" assigned to Plaintiff after she had been hired for the Administrative Associate I position at the Conklin Building entrance and that defendant O'Connell required Plaintiff to obtain a physician's note.

38.     Defendant Hospital denies each and every allegation of Paragraph 38.

39.     Defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 39 pertaining to Plaintiff's characterization of the style of dress worn by the patient transport aides and herself and leave Plaintiff to her proof. Defendant Hospital denies the allegation that the style of dress worn by Plaintiff while performing receptionist duties at the Conklin Building entrance precluded or prevented her from performing patient transport duties.

40.    Defendant Hospital denies each and every allegation of Paragraph 40, including any allegation that the required coverage at the Conklin Building entrance prevented Plaintiff from performing patient transport duties.

41.    With respect to the allegations of Paragraph 41, defendant Hospital admit that defendant O'Connell implemented the Hospital's Employee Performance Improvement Process in part because Plaintiff refused to transport patients. Defendant Hospital denies any allegation in Paragraph 41 that: the process was implemented only against Plaintiff; it was improperly implemented by defendant O'Connell; and it was implemented against Plaintiff because of her race.

42.    Defendant Hospital denies that the allegations of Paragraph 42 are a complete and accurate description of all the circumstances or reasons for implementing the Hospital's Employee Performance Improvement Process. With respect to the remaining allegations of Paragraph 42, the content of the Hospital's Employee Performance Improvement Plan, which is a written document, speaks for itself; but to the extent that these allegations require a response, defendants deny them.

43.    Defendant Hospital denies the allegations of Paragraph 43 to the extent Plaintiff claims that a manager is always required to apply the Hospital's Employee

Performance Improvement Process in four incremental steps. With respect to the remaining allegations of Paragraph 43, the content of defendant Hospital's Employee Performance Improvement Plan, which is a written document, speaks for itself; but to the extent the remaining allegations of Paragraph 43 require a response, defendant Hospital denies them.

44.    The content of defendant Hospital's Employee Performance Improvement Plan, which is a written document, speaks for itself; but to the extent the allegations of Paragraph 44 require a response, defendant Hospital admits them.

45.    Defendant Hospital denies each and every allegation of Paragraph 45, including the allegation that the Hospital's Employment Performance Improvement Policy required defendant O'Connell to refer Plaintiff to Human Resources for counseling prior to the issuance of the July 30, 1999 memorandum.

46.    Defendant Hospital denies each and every allegation of Paragraph 46.

47.    Defendant Hospital denies each and every allegation of Paragraph 47.

## COUNT II
## DISCRIMINATORY TERMS, CONDITIONS, AND PRIVILEGES OF EMPLOYMENT
## 42 U.S.C. §1981
## AS TO ALL DEFENDANTS

48.    Defendants repeat and re-allege the answers to Paragraphs 1 through 47 and to Paragraphs 50 through 182 as if they were fully set forth herein.

49.    Defendants deny each and every allegation of Paragraph 49.

### COUNT III
### FAILURE OR REFUSAL TO TRANSFER, PROMOTE OR HIRE
### 42 U.S.C. §2000e-2(a)(1)
### AS TO DEFENDANT HOSPITAL

50.    Defendant Hospital repeats and re-allege the answers to Paragraphs 1 through 49 and to Paragraphs 102 through 182 as if they were fully set forth herein.

51.    Defendant Hospital denies each and every allegation of Paragraph 51.

52.    To the extent that the allegations of Paragraph 52 characterize the content of defendant Hospital's Career Opportunities and Equal Employment Opportunity/Affirmative Action policies, these written documents speak for themselves. However, to the extent the allegations in Paragraph 52 are based on Plaintiff's characterization of defendant Hospital's Career Opportunity and Equal Employment Opportunity/Affirmative Action policies, defendant Hospital denies them. Defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 52 that "Plaintiff applied for fifteen (15) positions at the Hospital" prior to March 2001 and to the truth of the allegations pertaining to Plaintiff's underlying reasons for making such applications and

leave the Plaintiff to her proof.  Defendant Hospital also denies the allegations that Plaintiff applied for such positions during the period "between February 2000 and March 2001, inclusive" and that all the positions for which Plaintiff applied were at defendant Hospital.

### Conklin Building Transport Aide Positions

53.    To the extent that the allegations of Paragraph 53 contain an assertion that Kelvin Griffin and Virginia Hernandez-Green were hired only to transport the Gray Cancer patients from the Conklin Building entrance to the Gray Cancer Center, defendant Hospital denies them.  Defendant Hospital admits each and every remaining allegation of Paragraph 53.

54.    Defendant Hospital denies the allegation in Paragraph 54 that the entrance to the Gray Cancer Center was not reopened until March 31, 2001.  Defendant Hospital admits that the two transport aide positions were scheduled to end on the reopening of the entrance to the Gray Cancer Center and that Plaintiff's Administrative Associate I position was scheduled to end on March 31, 2001.  Defendant Hospital denies each and every remaining allegation of Paragraph 54.

55.    With respect to the allegations of Paragraph 55, defendant Hospital admits that Virginia Hernandez-Green's transport aide position was filled by Juan Urena when Ms.

Hernandez-Green was selected for internal transfer to an Administrative Associate I position in Radiation Oncology in 1999.

56.     Defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 56 pertaining to Ms. Hernandez-Green's education and prior work experience and leave Plaintiff to her proof. Defendant Hospital denies any allegation in Paragraph 56 that Ms. Hernandez-Green was not qualified for the position for which she was selected.

57.     As the phrase "on the job training" is vague in the context of Paragraph 57, defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 56 that defendant Hospital provided "on the job training" to Ms. Hernandez-Green when she transferred to another position from her transport aide position in the Conklin Building and leave Plaintiff to her proof. Defendant Hospital denies any allegation in Paragraph 57 that Ms. Hernandez-Green was not qualified for her new position.

58.     Defendant Hospital admits each and every allegation of Paragraph 58.

59.     With respect to the allegations of Paragraph 59, defendant Hospital admits that Mr. Urena was an internal transfer from a food and nutrition services position. As the

phrase "on the job training" is vague in the context of Paragraph 59, defendant Hospital

lacks sufficient knowledge or information to form a belief as to the truth of the allegations

in Paragraph 59 that defendant Hospital provided "on the job training" to Mr. Urena in his

new position as a transport aide at the Conklin Building and leave Plaintiff to her proof.

Defendant Hospital denies any allegation in Paragraph 59 that Mr. Urena was not qualified

for the transport aide position to which he was transferred.

      60.    Defendant Hospital denies the allegation in Paragraph 60 that "Mr. Urena

was replaced by Alex Moreau" and that Alex Moreau was hired as a full-time regular

employee.  Defendant Hospital admits each and every remaining allegation of Paragraph 60.

      61.    As the phrase "on the job training" is vague in the context of Paragraph 61,

defendant Hospital lacks sufficient knowledge or information to from a belief as to the truth

of the allegations in Paragraph 61 that defendant Hospital provided "on the job training" to

Mr. Urena in his new position as a Patient Care Associate at the Conklin Building's

Inpatient Cancer Unit and leave Plaintiff to her proof.  Defendant Hospital denies any

allegation in Paragraph 61 that Mr. Urena was not qualified for the Patient Care Associate

position to which he was transferred.

      62.    Defendant Hospital admits each and every allegation of Paragraph 62.

63.     Defendant Hospital admits each and every allegation of Paragraph 63.

64.     With respect to the allegations of Paragraph 64, defendant Hospital admits that Plaintiff was an employee working at the Conklin Building entrance whose employment was scheduled to end on March 31, 2001.  Defendant Hospital also admits the allegation in Paragraph 64 that "Plaintiff's attempts to transfer were unsuccessful."  Defendant Hospital denies each and every remaining allegation of Paragraph 64.

**Job Performance and Training**

65.     Defendant Hospital admits each and every allegation of Paragraph 65.

66.     Defendant Hospital admits each and every allegation of Paragraph 66.

67.     To the extent that Plaintiff asserts in Paragraph 67 that she received a rating of "effective" in every rating category on her October 21, 1999 performance evaluation, defendant Hospital denies the allegations of Paragraph 67.  Defendant Hospital admits each and every remaining allegation of Paragraph 67, including the allegation that Plaintiff received an overall performance rating of "effective" on her October 21, 1999 performance evaluation.

68.     To the extent that Plaintiff asserts in the allegations of Paragraph 68 that she received a rating of "exemplary" in every rating category on her October 24, 2000

17

performance evaluation, defendant Hospital denies the allegations of Paragraph 68. Defendant Hospital admits each and every allegation of Paragraph 68, including the allegation that Plaintiff received an overall performance rating of "exemplary" on her October 24, 2000 performance evaluation.

69.    Defendant Hospital admits each and every allegation made in Paragraph 69.

70.    With respect to the allegations of Paragraph 70, defendant Hospital admits that Plaintiff "attended non-mandatory, performance workshops at the defendant Hospital, including computer skills classes." Defendant Hospital also admits that Plaintiff attended a public relations seminar, but they deny any allegation in Paragraph 70 that her attendance at this seminar was "non-mandatory" rather than mandatory.

71.    Defendant Hospital admits each and every allegation of Paragraph 71.

**Eligibility for Transfer, Promotion or Hire**

72.    Defendant Hospital admits that defendant Ciaschini, a Hospital Human Resources Consultant, wrote a letter to Plaintiff, which in part referred to the elimination of Plaintiff's position at defendant Hospital. Defendant Hospital denies each and every remaining allegation of Paragraph 72.

73.    Defendant Hospital denies the allegations of Paragraph 73 to the extent they contain an assertion that defendant Hospital's Human Resources Consultants always screened every internal applicant and eliminated any internal applicant who was not eligible for the available position before referring applicants to managers for interviews. With respect to the remaining allegations of Paragraph 73, defendant Hospital admits that defendant Hospital's Human Resources Consultants would screen internal employee applicants for eligibility for an available position in the departments for which s/he was the designated Human Resources Consultant in an attempt to eliminate any applicants who were not eligible for the position, prior to forwarding the applications to managers for interviews.

74.    Defendant Hospital denies each and every allegation of Paragraph 74.

75.    Defendant Hospital denies the allegations of Paragraph 75 to the extent that they are based on the assertion that defendant Ciaschini screened applicants for eligibility for available positions in departments for which she was not the designated Human Resources Consultant. As the allegations of Paragraph 75 are not directed to a particular period of time or to particular job positions, they are too vague, and defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of these allegations and leaves Plaintiff to her proof.

19

76.    Defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 76 and leaves Plaintiff to her proof.

**Discrimination in Transfer, Promotion, or Hire**

77.    Defendant Hospital denies each and every allegation of Paragraph 77.

77a.    Upon information and belief, defendant Hospital denies each and every allegation of subparagraph 77a.

77b.    Upon information and belief, defendant Hospital denies each and every allegation of subparagraph 77b.

77c.    Defendant Hospital denies each and every allegation of subparagraph 77c.

77d.    Defendant Hospital admits that Plaintiff wrote a letter to defendant Ciaschini dated February 2, 2001, the content of which speaks for itself. To the extent that the remaining allegations of subparagraph 77d require a response, defendant Hospital denies them, including the assertion that such remarks were ever made.

78.    With respect to the allegations of Paragraph 78, defendant Hospital admits that defendant O'Connell participated by conference call in at least one meeting with defendant Ciaschini and Plaintiff to discuss Plaintiff's options for transfer to other employment at defendant Hospital. As the phrase "employment status" is vague, defendant

Hospital lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 78 and leaves Plaintiff to her proof.

79.     Defendant Hospital denies each and every allegation of Paragraph 79.

80.     Defendant Hospital denies each and every allegation of Paragraph 80.

**Job Applications**

**A.     Discrete Discrimination**

Administrative Associate I in the Hemodialysis Department

81.     Defendant Hospital admits that in 2000 Plaintiff applied for the position of Administrative Associate I (internal hospital position code 100201) in the Hemodialysis Department. Defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 81 and leaves the Plaintiff to her proof.

82.     To the extent that the allegations of Paragraph 82 are based on the position description for the Administrative Associate I position in the Hemodialysis Department, the content of that document speaks for itself; but to the extent that the allegations of Paragraph 82 require a response, defendant Hospital denies that Paragraph 82 contains an accurate and

complete description of the job duties and job skills required of the Administrative Associate I position in the Hemodialysis Department.

82a.    To the extent that the allegations of subparagraph 82a are based on the position descriptions for the Administrative Associate I position in the Hemodialysis Department and for the Administrative Associate I position at the Conklin Building entrance, the content of these documents speak for itself; but to the extent that the allegations of subparagraph 82a require a response, defendant Hospital denies them, including the assertion that Plaintiff's position duties as an Administrative Associate I in the Conklin Building were identical to the position duties of an Administrative Associate I in the Hemodialysis Departments and both positions required the same job skills.

82b.    Defendant Hospital admits each and every allegation of subparagraph 82b.

82c.    Defendant Hospital denies the allegation in subparagraph 82c that "Plaintiff was qualified for the position." Defendant Hospital admits that Plaintiff was not selected for the position after an interview with department Office Manager, Monica Kowalski. Defendant Hospital denies each and every remaining allegation of subparagraph 82c.

82d.    With respect to the allegations of subparagraph 82d, defendants Hospital admits that the position remained unfilled and defendant Hospital continued to look for an

22

qualified applicant until December 17, 2000, when a hispanic female was hired for the position.  Defendant Hospital denies each and every remaining allegation of subparagraph 82d, including the allegation the defendant Hospital continued to look "for an employee with Plaintiff's qualifications."

82e.    Defendant Hospital admits each and every allegation made in subparagraph 82e.

Administrative Associate II in the Human Resources Department

83.    Defendant Hospital admits each and every allegation of Paragraph 83.

83a.    Defendant Hospital denies each and every allegation of subparagraph 83a.

83b.    Defendant Hospital denies each and every allegation of subparagraph 83b.

83c.    With respect to the allegations of subparagraph 83c, defendant Hospital denies any allegation that the candidate that was hired for the Administrative Associate II position in the Human Resources Department was not qualified for the position and any allegation that the candidate was selected because of her race.  Defendant Hospital admits each and every remaining allegation of subparagraph 83c.

**B.    Pattern of Discrimination**

Patient Administrative Associate in the Women's Ambulatory Health Department

84.    With respect to the allegations of Paragraph 84, upon information and belief, defendant Hospital admits that Plaintiff applied for the position of Patient Administrative Associate in the Woman's Ambulatory Health Department of defendant Hospital on or about February 17, 2000, and she was not selected for the position. Defendant Hospital denies any assertion in Paragraph 84 that Plaintiff was qualified for this position or that Plaintiff's race was a factor in the decision not to select her for the position.

Administrative Associate III in the Research Department

85.    With respect to the allegations of Paragraph 85, upon information and belief, defendant Hospital admits that on or about March 10, 2002, Plaintiff applied and was not selected for the position of Administrative Associate III in the Research Department of defendant Hospital. Defendant Hospital denies any assertion in Paragraph 85 that Plaintiff's race was a factor in the decision not to select her for the position.

Administrative Associate II and Patient Administrative Associate in the Care Continuum Department

86.    Defendant Hospital admits that Plaintiff applied and was not selected for four (4) open positions of either Administrative Associate II or Patient Administrative Associate in the defendant Hospital's Care Continuum Department. Defendant Hospital denies each

and every remaining allegation of Paragraph 86, including any assertion that Plaintiff 's race was a factor in the decision not to select her for any of these positions.

87.    Defendant Hospital admits the allegation in Paragraph 87 that one of the candidates selected for one (1) of the four (4) positions had a position at defendant Hospital that was scheduled to end on or about September 30, 2000. Defendant Hospital denies each and every remaining allegation of Paragraph 87, including the allegation that the sole reason for this candidate's selection was the fact that her position was scheduled to end on September 30, 2000.

Administrative Associate II in the Public Relations Department of Connecticut Children's Hospital

88.    Defendant Hospital lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 88 and leaves Plaintiff to her proof.

89.    With respect to the allegations of Paragraph 89, defendant Hospital admits that defendant Hospital and Connecticut Children's Medical Center are members of the Connecticut Health System (hereinafter "CHS") and that the employees of defendant Hospital are permitted to apply as internal candidates for available positions at other CHS member hospitals. Defendant Hospital denies each and every remaining allegation of