UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAIYA SOLOMON | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1116 (EBB)(WIG) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL, et al. | : | |
| | : | |
| Defendants. | : | September      , 2004 |

## SECOND JOINT STIPULATED MOTION TO
## AMEND STIPULATED PROTECTIVE ORDER

The parties in the above captioned matter respectfully request that the Court grant the

attached Amended Stipulation and Protective Order.  In support of this Motion, the parties

respectfully state as follows:

1.    Plaintiff has requested that the defendant Hospital produce through discovery

copies of any and all documents related to a complaint of race discrimination against the

Hospital by a particular former student in the Hospital's School of Allied Health.

2.    The Hospital has objected to the production of such documents on several

bases, one of which is that such documents only exist as part of the former student's

educational record and, therefore, are protected from disclosure pursuant to the Family

Educational Rights and Privacy Act, 20 U.S.C. § 1232g and its corresponding regulations. See 34 C.F.R. §§ 99 et seq.

3.    On or about September 14, 2004, the parties filed a Joint Motion to Amend the July 3, 2003 Stipulated Protective Order to expand the definition of "Confidential Documents and Information" to include "All documents which may constitute Educational Records in accordance with the Family Educational Rights and Privacy Act."  On September 22, 2004, the Court issued an Order directing the parties to express their respective positions as to the propriety of including in the Protective Order a requirement for notice to, and consent of, the parties whose educational records are at issue prior to the production of such records.

4.    The parties are in agreement that a notice provision should be included in the Amended Stipulated Protective Order and have added such language at Paragraph 1(c).

WHEREFORE, the parties respectfully request that their Second Joint Motion to Amend the Stipulated Protective Order be granted.

DEFENDANTS,
HARTFORD HOSPITAL, GLADYS
CIASCHINI, SUSAN O'CONNELL AND
SANDRA NILES

By_____
Brenda A. Eckert (ct00021)
beckert@goodwin.com
Gregg Goumas (ct19095)
ggoumas@goodwin.com
For Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5214


PLAINTIFF,
SARAIYA SOLOMON

By_____
Rachel M. Baird (ct12131)
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT 06790-5239
Telephone: (860) 626-9991
Facsimile: (860) 626-9992

3

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Second Joint Stipulated Motion to Amend Stipulation and Protective Order was mailed, postage prepaid, first-class mail on this 5th day of ~~September~~ October, 2004 to the following:

The Honorable Ellen Bree Burns
Chambers
United States District Court
141 Church Street
New Haven, CT 06510

The Honorable William I. Garfinkel
Chambers
United State District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

Gregg P. Goumas

382630 v.01 S1

# TAB A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAIYA SOLOMON                        :        CIVIL ACTION NO.
                                       :        3:02-cv-1116 (EBB)(WIG)
                                       :
            Plaintiff,                 :
        v.                             :
                                       :
HARTFORD HOSPITAL;                     :
GLADYS CIASCHINI, as an agent          :
of HARTFORD HOSPITAL and               :
individually; SUSAN A. O'CONNELL,      :
as an agent of HARTFORD HOSPITAL       :
and individually; and SANDRA NILES,    :
as a de facto agent of                 :
HARTFORD HOSPITAL and individually     :
                                       :
            Defendants.                :

## AMENDED STIPULATION AND PROTECTIVE ORDER

Plaintiff Saraiya Solomon and defendants Hartford Hospital, Gladys Ciaschini, Susan

O'Connell and Sandra Niles (hereinafter "the parties") hereby stipulate that the procedures set

forth below shall govern the use of identifiable personnel information and medical

information and records in connection with pretrial discovery in this action.

1.      Pursuant to this Amended Stipulation and Protective Order, the following

documents and information shall be considered "confidential documents and information":

a.    All Hospital personnel records concerning the plaintiff and any current and/or former employees of the defendant (including but not limited to performance evaluations and all salary and benefit information);

b.    All medical records concerning the plaintiff, any witness and/or any current or former employees of the defendant; and

c.    All documents which may constitute Educational Records in accordance with the Family Educational Rights and Privacy Act. However, prior to disclosing any documents which may constitute educational records, the Hospital shall attempt to notify the individual whose records are the subject of the request and seek their consent for such disclosure. The Notice shall be sent by certified mail, return receipt requested, to the subject's last known address and shall advise the subject of his or her right to object to such disclosure by filing a written objection with the Court (with copies to counsel) within fourteen (14) days of receipt of the Notice. If the subject neither expressly consents to the disclosure nor files a written objection with the Court, following the expiration of twenty-one (21) days from the date such Notice was sent, the Hospital may disclose the requested documents subject to the this Amended Stipulated Protective Order.

2.    For purposes of pretrial discovery, confidential documents and information may be disclosed or shown only to the following persons:

2

a.      the plaintiff;

b.      the defendants;

c.      counsel of record in this action, and the paralegal, clerical and secretarial staffs employed by counsel of record;

d.      expert witnesses and/or consultants retained by either party or their counsel in connection with this action or with any other litigation involving the same parties and in accordance with the terms of this Order;

e.      the Court before which this action is pending; and

f.      any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action.

3.      Confidential documents or information shall be used or disclosed solely for the purpose of the prosecution and defense of this litigation or with any other litigation involving the same parties and in accordance with the terms of this Order.

4.      Prior to the disclosure of any confidential documents or information to any person referred to in paragraph 2(d), counsel for the parties shall deliver a copy of this Order to such person and such person shall execute a copy of the acknowledgement attached hereto as Exhibit A.

5.     If either party believes that particular information or documents have been improperly designated as confidential, they will advise the other party in writing as to the basis for such belief.  The parties will then attempt in good faith to resolve such dispute without intervention from the Court.  Should they be unable to resolve the dispute on their own, the party opposing the designation of such documents and information as confidential may seek intervention from the Court.

6.     If, in connection with a pretrial discovery matter, confidential documents or information are to be included in any papers to be filed in Court, counsel shall file with such papers, and serve on all parties, a notice that such confidential documents or information are subject to this Order.  Any confidential documents or information contained in such a filing shall be filed in a sealed envelope bearing a label which contains the case caption, docket number, the title of the papers being filed, and the statement:  "Confidential – Subject to Amended Stipulation and Protective Order dated September _____, 2004."

7.     If any confidential documents or information are disclosed to any person other than in the manner authorized by this Order, counsel for the party responsible for such disclosure shall, upon discovery of the disclosure conduct a diligent and prompt investigation of the circumstances of the disclosure: including ascertaining the name and address of the person to whom the disclosure was made; make reasonable efforts to prevent disclosure by

4

any such unauthorized person who received confidential information; and promptly inform all other counsel of all facts pertinent to the disclosure.

8.    Nothing in this Order shall be construed to waive or prejudice the right of any party to object to the production or admission of any document or information in this action, including at any hearing or trial. Similarly, nothing in this Order shall be construed to waive or prejudice the right of any party to offer into evidence any such document or information at any hearing or at trial. Nor shall anything in this Order be construed to waive or prejudice the right of any party to seek additional protection from the Court for documents or information subject to this Order.

9.    Upon the termination of this action, plaintiff and defendants shall, within a reasonable time frame, return all confidential documents, including all copies within a party's control or the control of those to whom a party has distributed any such documents, to the party or their counsel responsible for such production or shall certify in writing that all such documents have been destroyed. Notwithstanding the foregoing, each party or their counsel may retain all pleadings, briefs or documents containing his or her work product which refer to or incorporate confidential documents or information, and will continue to be bound by the terms of this Order with respect to any such information.

THE PLAINTIFF,
SARAIYA SOLOMON

Dated: 9|29|30          By: _____
                            Rachel M. Baird (ct12131)
                            Law Office of Rachel M. Baird
                            379 Prospect Street
                            Torrington, CT 06790
                            Tel.: (860) 626-9991
                            Fax: (860) 626-9991


THE DEFENDANTS,
HARTFORD HOSPITAL, GLADYS CIASCHINI
SUSAN O'CONNELL and SANDRA NILES

Dated: 10/5/04          By: _____
                            Brenda A. Eckert (ct00021)
                            Gregg P. Goumas (ct19095)
                            Shipman & Goodwin LLP
                            One Constitution Plaza
                            Hartford, CT  06103-1919
                            Tel.: (860) 251-5000
                            Fax: (860) 251-5214

6

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAIYA SOLOMON | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1116 (EBB)(WIG) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL, et al. | : | |
| | : | |
| Defendants. | : | September       , 2004 |

ACKNOWLEDGMENT TO BE BOUND
BY STIPULATED PROTECTIVE ORDER

This is to certify that I have reviewed the Stipulation and Protective Order dated

August _____, 2004 and agree to be bound by its terms.

Signed:_____
             NAME
             ADDRESS
             TELEPHONE

377760 v.01 S2

7