

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARAIYA SOLOMON | : CIVIL ACTION NO.<br>: 3:02-cv-1116 (EBB)(WIG) |
| Plaintiff,<br>v. | : |
| HARTFORD HOSPITAL;<br>GLADYS CIASCHINI, as an agent<br>of HARTFORD HOSPITAL and<br>individually; SUSAN A. O'CONNELL,<br>as an agent of HARTFORD HOSPITAL<br>and individually; and SANDRA NILES,<br>as a de facto agent of<br>HARTFORD HOSPITAL and individually | : |
| Defendants. | : |

## AMENDED STIPULATION AND PROTECTIVE ORDER

Plaintiff Saraiya Solomon and defendants Hartford Hospital, Gladys Ciaschini, Susan O'Connell and Sandra Niles (hereinafter "the parties") hereby stipulate that the procedures set forth below shall govern the use of identifiable personnel information and medical information and records in connection with pretrial discovery in this action.

1. Pursuant to this Amended Stipulation and Protective Order, the following documents and information shall be considered "confidential documents and information":

      a.    All Hospital personnel records concerning the plaintiff and any current and/or former employees of the defendant (including but not limited to performance evaluations and all salary and benefit information);

      b.    All medical records concerning the plaintiff, any witness and/or any current or former employees of the defendant; and

      c.    All documents which may constitute Educational Records in accordance with the Family Educational Rights and Privacy Act. However, prior to disclosing any documents which may constitute educational records, the Hospital shall attempt to notify the individual whose records are the subject of the request and seek their consent for such disclosure. The Notice shall be sent by certified mail, return receipt requested, to the subject's last known address and shall advise the subject of his or her right to object to such disclosure by filing a written objection with the Court (with copies to counsel) within fourteen (14) days of receipt of the Notice. If the subject neither expressly consents to the disclosure nor files a written objection with the Court, following the expiration of twenty-one (21) days from the date such Notice was sent, the Hospital may disclose the requested documents subject to the this Amended Stipulated Protective Order.

    2.    For purposes of pretrial discovery, confidential documents and information may be disclosed or shown only to the following persons:

      a.      the plaintiff;

      b.      the defendants;

      c.      counsel of record in this action, and the paralegal, clerical and secretarial staffs employed by counsel of record;

      d.      expert witnesses and/or consultants retained by either party or their counsel in connection with this action or with any other litigation involving the same parties and in accordance with the terms of this Order;

      e.      the Court before which this action is pending; and

      f.      any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action.

3.      Confidential documents or information shall be used or disclosed solely for the purpose of the prosecution and defense of this litigation or with any other litigation involving the same parties and in accordance with the terms of this Order.

4.      Prior to the disclosure of any confidential documents or information to any person referred to in paragraph 2(d), counsel for the parties shall deliver a copy of this Order to such person and such person shall execute a copy of the acknowledgement attached hereto as Exhibit A.

3

5. If either party believes that particular information or documents have been improperly designated as confidential, they will advise the other party in writing as to the basis for such belief. The parties will then attempt in good faith to resolve such dispute without intervention from the Court. Should they be unable to resolve the dispute on their own, the party opposing the designation of such documents and information as confidential may seek intervention from the Court.

6. If, in connection with a pretrial discovery matter, confidential documents or information are to be included in any papers to be filed in Court, counsel shall file with such papers, and serve on all parties, a notice that such confidential documents or information are subject to this Order. Any confidential documents or information contained in such a filing shall be filed in a sealed envelope bearing a label which contains the case caption, docket number, the title of the papers being filed, and the statement: "Confidential – Subject to Amended Stipulation and Protective Order dated ~~September~~ October 7, 2004."

7. If any confidential documents or information are disclosed to any person other than in the manner authorized by this Order, counsel for the party responsible for such disclosure shall, upon discovery of the disclosure conduct a diligent and prompt investigation of the circumstances of the disclosure: including ascertaining the name and address of the person to whom the disclosure was made; make reasonable efforts to prevent disclosure by

4

any such unauthorized person who received confidential information; and promptly inform all other counsel of all facts pertinent to the disclosure.

8.  Nothing in this Order shall be construed to waive or prejudice the right of any party to object to the production or admission of any document or information in this action, including at any hearing or trial. Similarly, nothing in this Order shall be construed to waive or prejudice the right of any party to offer into evidence any such document or information at any hearing or at trial. Nor shall anything in this Order be construed to waive or prejudice the right of any party to seek additional protection from the Court for documents or information subject to this Order.

9.  Upon the termination of this action, plaintiff and defendants shall, within a reasonable time frame, return all confidential documents, including all copies within a party's control or the control of those to whom a party has distributed any such documents, to the party or their counsel responsible for such production or shall certify in writing that all such documents have been destroyed. Notwithstanding the foregoing, each party or their counsel may retain all pleadings, briefs or documents containing his or her work product which refer to or incorporate confidential documents or information, and will continue to be bound by the terms of this Order with respect to any such information.

|  |  |
|---|---|
|  | THE PLAINTIFF,<br>SARAIYA SOLOMON |
| Dated: 9/29/30 | By: _____<br>Rachel M. Baird (ct12131)<br>Law Office of Rachel M. Baird<br>379 Prospect Street<br>Torrington, CT 06790<br>Tel.: (860) 626-9991<br>Fax: (860) 626-9991 |
|  | THE DEFENDANTS,<br>HARTFORD HOSPITAL, GLADYS CIASCHINI<br>SUSAN O'CONNELL and SANDRA NILES |
| Dated: 10/5/04 | By: _____<br>Brenda A. Eckert (ct00021)<br>Gregg P. Goumas (ct19095)<br>Shipman & Goodwin LLP<br>One Constitution Plaza<br>Hartford, CT 06103-1919<br>Tel.: (860) 251-5000<br>Fax: (860) 251-5214 |

6

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAIYA SOLOMON | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1116 (EBB)(WIG) |
| Plaintiff, | : | |
| v. | : | |
| HARTFORD HOSPITAL, et al. | : | |
| Defendants. | : | September    , 2004 |

ACKNOWLEDGMENT TO BE BOUND
BY STIPULATED PROTECTIVE ORDER

This is to certify that I have reviewed the Stipulation and Protective Order dated ~~August~~ October 7, 2004 and agree to be bound by its terms.

Signed:_____
NAME
ADDRESS
TELEPHONE

377760 v.01 S2

7