STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

| | |
|---|---|
| SARAIYA SOLOMON<br>COMPLAINANT<br><br>V.<br><br>HARTFORD HOSPITAL<br>RESPONDENT | COMPLAINT NO. 0110353<br><br>EEOC CHARGE NO. 16AA011195<br><br><br>May 16, 2001 |

## VERIFIED ANSWER OF RESPONDENT HARTFORD HOSPITAL

The Respondent, Hartford Hospital (the "Hospital"), submits its Verified Answer to Complaint No. 0110353 dated March 19, 2001 by Saraiya Solomon (the "Complaint") and received by the Respondent on or about March 1, 2001 as follows:

First Unnumbered Paragraph: My name is Saraiya Solomon and I reside at 123 Baltimore Street, Hartford, CT 06112. My telephone number is (860) 246-7952.

ANSWER: Upon information and belief, admit in part; and without sufficient knowledge or information to admit or deny.

Upon information and belief, the Hospital admits that Ms. Solomon's address is 123 Baltimore Street, Hartford, CT 06112. However, as noted below, Ms. Solomon failed to provide the Hospital with updated information about her telephone number. Therefore, the Hospital is without sufficient knowledge or information to admit or deny the remaining allegations of this First Unnumbered Paragraph.

EXHIBIT 40
Solomon v. Hartford Hospital., et al.,
Case No. 3:02-cv-1116(EBB)

response concerned the hiring mangers because every job has routine aspects to it, including the Financial Counselor position.

Ms. Solomon's prior work experience also did not provide her with a "stepping stone" for the offered position. Ms. Solomon did not have any health insurance processing experience or financial experience. The primary function of the Financial Counselor position is data entry. Ms. Solomon did reveal during her interview that she had performed data entry at the Travelers several years ago and also had an additional position that required the application of data entry skills. However, this employment history did not reflect that she had the requisite level of data entry skills. Similarly, although Ms. Solomon had demonstrated Customer Service skills for greeting people and giving them directions to locations at Hartford Hospital, her application revealed that she did not have the relevant job-related experience in problem solving that requires the application of analytical skills to determine what went wrong on a patient account from the time the patient received services to the time the patient complaint was filed. Finally, during the interview Ms. Solomon did not provide any information about herself that demonstrated that she could be a motivated, self-directed, flexible, dependable, independent, hardworking employee with the ability to communicate effectively with others.

**Paragraph e:** Administrative Associate I or II in the Hemodialysis Department. In or about October 4, 2000 I was interviewed by Beth Greig, Manager or Pat Sobieski, Head Nurse. I was never notified of the results of the interview and I was not hired into the position.

**ANSWER:** Admit in part and deny in part.

The Hospital admits that Ms. Solomon was interviewed for an Administrative Associate I position in the Hemodialysis Department by Monica Kowalski (White female), Office Manager Hemodialysis. See Exhibit 37 – Job Description – Administrative Associate I. Ms.

EXHIBIT 40
Solomon v. Hartford Hospital., et al.,
Case No. 3:02-cv-1116(EBB)

|   |   |
|---|---|
|   | Solomon was not selected for this position because she did not have any prior work experience in billing or laboratory ordering. A Hispanic female initially was hired for this position on December 17, 2000, but she did not pass the Hospital's drug screening test. This position is currently not filled. |
| Paragraph f: | **Administrative Associate II in the Care Continuum Department. On or about October 4, 2000 I was interviewed by Beth Greig or Pat Sobieski. I was never notified of the results of the interview, and I was not hired into the position.** |
| ANSWER: | Admit in part and deny in part. |

The Hospital admits that on or about September 21, 2000, Ms. Solomon applied for an Administrative Associate II and a Patient Administrative Associate position in the Care Continuum Department. See Exhibit 40 – Job Description Administrative Associate II and Exhibit 41 - Application Materials for Administrative Associate and Patient Care Associate positions in Care Continuum Department. Patricia Sobieski (White female), Manager Care Continuum, and Beth Greig (White female), Director of Care Continuum, interviewed Ms. Solomon for these positions. One of the successful internal candidates for the Administrative Associate II position was a Hispanic female with an Associate's Degree in liberal arts whose temporary position with the Hospital was ending on September 31, 2000. This candidate was selected because of her very strong word processing and Excel skills. Two of the other successful internal candidates were White females. One of these two candidates was already in the Department working in a comparable position. The remaining position was filled by a Black female internal candidate who needed reassignment in connection with a prior worker's compensation injury.

Ms. Greig was not selected for these positions Ms. Solomon because the other internal candidates all had more direct clinical experience, unlike

EXHIBIT 40
Solomon v. Hartford Hospital., et al.,
Case No. 3:02-cv-1116(EBB)