UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAIYA SOLOMON | : | CASE NO. 302CV1116 GLG |
| Plaintiff, | : | |
| v. | : | |
| HARTFORD HOSPITAL; GLADYS CIASCHINI, as an agent of HARTFORD HOSPITAL and Individually; SUSAN A. O'CONNELL, as an agent of HARTFORD HOSPITAL and individually; and SANDRA NILES, as a de facto agent of HARTFORD HOSPITAL and individually | : : : : : : : : : | |
| Defendants. | : | May 28, 2003 |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce copies of any and all documents related to Plaintiff's employment at Defendant Hartford Hospital, including, but not limited to, those documents contained in a personnel file and those documents contained in payroll file.

### OBJECTION

Defendants object to this request on the grounds that the phrase "any and all documents related to Plaintiff's employment" is so vague and overly broad that it is impossible to determine the exact scope of the request. It also is unduly burdensome and oppressive as it could encompass literally every document that the Plaintiff ever read,

Exhibit 4 Pl.'s Surreply Brief
Solomon v. Hartford Hospital, et al.
Case No. 3:02-cv-1116(EBB)
July 7, 2005

produced or otherwise had contact with during her Hospital employment. Defendants also object to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*

**RESPONSE**

Subject to and without waiving the foregoing objections, Defendant Hartford Hospital ("Hospital") will make the following documents available for inspection and copying at the offices of Shipman & Goodwin LLP at a mutually convenient date and time:

  a. Plaintiff's personnel file; and

  b. Payroll and benefits documents as they relate specifically to the plaintiff.

2. Produce copies of any and all documents related to Plaintiff's compensation while employed at Hartford Hospital including, but not limited to pay, wages, salary, and/or bonuses.

**OBJECTION**

Defendants object to this request on the grounds that the phrase "any and all documents related to Plaintiff's compensation" is so vague and overly broad that it is impossible to determine the exact scope of the request.

**RESPONSE**

Subject to and without waiving the foregoing objection, the Defendant Hospital will make the following information available for inspection and copying at the offices of Shipman & Goodwin LLP at a mutually convenient date and time:

Exhibit 4 Pl.'s Surreply Brief
Solomon v. Hartford Hospital, et al.
Case No. 3:02-cv-1116(EBB)
July 7, 2005

192. Prior to March 1, 2001, Hartford Hospital had never received a complaint from Plaintiff regarding Hartford Hospital's failure to provide Plaintiff with a paycheck on time.

**Objection:**

**The Hospital object to this request as overbroad in that it is unlimited in scope of time. Further, the Hospital also objects because this Request is overbroad and unduly burdensome in that it does not specify any particular person as being the recipient of such complaint. In order to respond to this Request, the Hospital would need to poll its more than 6000 employees.**

DEFENDANTS,
HARTFORD HOSPITAL, GLADYS
CIASCHINI, SUSAN O'CONNELL, AND
SANDRA NILES

By _____
Brenda A. Eckert (ct00021)
Beckert@goodwin.com
Gregg Goumas (ct19095)
Ggoumas@goodwin.com
For Shipman & Goodwin LLP
One American Row
Hartford, CT 06103-2819
(860) 251-5000

348894 v.02 S2

Exhibit 4 Pl.'s Surreply Brief
Solomon v. Hartford Hospital, et al.
Case No. 3:02-cv-1116(EBB)
July 7, 2005