UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAIYA SOLOMON, | : | |
| | : | |
| Plaintiff, | : | CASE NO.:  3:02-cv-1116(EBB) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL, | : | |
| GLADYS M. CIASCHINI, | : | |
| SUSAN A. O'CONNELL, and | : | |
| SANDRA NILES, | : | |
| | : | |
| Defendants. | : | DECEMBER 30, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF
FROM JUDGMENT OR ORDER (Fed. R. Civ. P. 60(b))**

The Plaintiff, Saraiya Solomon, by and through her undersigned counsel, has moved for relief from a judgment and orders of the Court issued on September 29, 2005, (doc. #111) granting summary judgment against Plaintiff on certain counts of the Second Amended Complaint.[1]

As cause for relief, Plaintiff asserts that the Defendants have engaged in fraud, misconduct, and misrepresentation upon Plaintiff in the discovery process and upon the Court during the Court's consideration of Defendants' Motion for Summary Judgment.

Specifically, as regards the issue left remaining for the trier of fact following the Court's judgment and orders of September 29, 2005, rendering judgment against certain of Plaintiff's claims, Defendants have asserted more than seven (7) months subsequent to the memorandum of law filed by Plaintiff in opposition to summary judgment that they have "found" evidence

---

[1] The Court ruling on Defendants' Motion for Summary Judgment ordered:  "Accordingly, for the reasons stated above, defendants' Motion for Summary Judgment (Doc. No. 68) is DENIED with respect to plaintiff's allegations of failure to hire her for the AAI position in hemodialysis in Counts Three and Four (Title VII and § 1981), see Section II.E.2 supra, and is GRANTED in all other respects, see Sections II.A-D, E.1, and E.3-5 supra."  (doc. #111 at 69.)

regarding the one issue left remaining by the Court. Previously, Defendants had asserted to Magistrate Judge William I. Garfinkel that no such documents existed.

## I   PROCEDURAL BACKGROUND

### A.   Plaintiff's Discovery Requests

On March 28, 2003, in the course of discovery and pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff served a Request for Production of Documents on all Defendants which designated and described ninety-four (94) types of documents sought. (Affidavit of Rachel M. Baird dated December 30, 2005 (hereinafter, "Baird Aff."), ¶ 2.)

On March 28, 2003, in the course of discovery and pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff served a First Set of Interrogatories, having eight (8) in number, on all Defendants. (Baird Aff. ¶ 3.)

On June 25, 2003, in the course of discovery and pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff served Requests for Admission, numbered one (1) through one-hundred and ninety-two (192), upon all Defendants. (Baird Aff. ¶ 4.)

On September 24, 2003, in the course of discovery and pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff served Requests for Admission, numbered one-hundred and ninety-two (192) through two-hundred and fifty (250), upon all Defendants. (Baird Aff. ¶ 5.)

On September 25, 2003, in the course of discovery and pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff served a Request for Production of Documents on all Defendants which designated and described sixty-one (61) types of documents sought. (Baird Aff. ¶ 6.)

The Request for Production of Documents served on served on March 28, 2003, sought, among other things, the following documents:

    a.  "(4)   Produce copies of any and all internal memoranda related to Plaintiff."

    b.  "(57) Produce any and all documents related to Plaintiff's applications for internal transfer and/or promotion, including applications from other applicants for the same position."

    c.  "(58) "Produce any and all documents related to the qualifications of any employee hired or transferred to the position of Associate Administrative I in the Hemodialysis Department since May 2000."

    d.  "(59) "Produce any and all communications related to Plaintiff's application(s) for transfer to the position of Administrative Associate I in the Hemodialysis Department.

(Baird Aff. ¶ 7.)

    B.    <u>Discovery Compliance</u>

The Defendants objected to the production of the requested documents specified above, on various grounds, including the assertion that the requests were "overbroad" and "vague." (Ex. 1, Defs.' Supplemental Resp. to Defs.' May 28, 2003 Objections and Resp. to Pl.'s First Req. for Production of Docs)  (Baird Aff. ¶ 8.)

In accordance with Local Civil Rule 37(a)(2) of the Local Civil Rules for the District of Connecticut, Plaintiff provided Defendants' counsel with a letter dated February 19, 2004, in a good faith effort to eliminate or reduce controversies arising during discovery.  (Ex. 2, Letter from Rachel M. Baird to Gregg P. Goumas, dated February 19, 2004)  (Baird Aff. ¶ 9.)

When certain of the disputes were not resolved through the efforts of counsel, Plaintiff sought a conference in accordance with Rule 16 of the Federal Rules of Civil Procedure.  (doc. #52)  (Baird Aff. ¶ 10.)

The Honorable Gerard L. Goettel granted Plaintiff's motion for a Rule 16 conference on April 14, 2004.  (doc. #53)  (Baird Aff. ¶11.)

A telephone conference was convened on May 3, 2004, by Magistrate Judge William I. Garfinkel and Plaintiff's counsel participated on behalf of the Plaintiff and Gregg P. Goumas participated on behalf of the Defendants.  (Baird Aff. ¶ 12.)

By agreement of counsel, Magistrate Judge Garfinkel agreed to intervene in the outstanding discovery issues.  (doc. #54)  (Baird Aff. ¶ 13.)

To identify the outstanding issues, Defendants used the February 19, 2004, discovery compliance letter (Ex. 2) that Plaintiff's counsel had drafted and incorporated their replies to Plaintiff's responses to their original objections.  (Ex. 3, Letter from Gregg P. Goumas to Magistrate Judge Garfinkel, dated June 11, 2004)  (Baird Aff. ¶ 14.)

Magistrate Judge Garfinkel, in the margins of the June 11, 2004, letter, provided his guidance regarding the outstanding discovery issues.  (Ex. 3)  (Baird Aff. ¶ 15.)

As regards the discovery issue arising from Plaintiff's request set forth above, as (a) within section I, the Defendants represented to the Court that "[t]he named Defendants have produced any and _all_ internal memoranda relating to the plaintiff of which they are aware."  (Ex. 3 at 2.) (emphasis in original) (Baird Aff. ¶ 16.)

The production requests set forth above, as paragraphs (b) through (d) within section I, were not addressed in Plaintiff's February 19, 2004, discovery letter (Ex. 2) because the Defendants had represented that they were providing the documents.  (Ex. 1)  (Baird Aff. ¶ 17.)

On November 22, 2004, Defendants filed a Motion for Summary Judgment.  (doc. ##68-75)  (Baird Aff. ¶ 18.)

4

Plaintiff filed an opposition to the motion for summary judgment on April 5, 2005. (doc. ##89-91) (Baird Aff. ¶ 19.)

At the time that Plaintiff filed an opposition to the motion for summary judgment, on April 5, 2005, Defendants had notice of the argument submitted regarding Plaintiff's application for the Administrative Associate I position in Hemodialysis, specifically, that the Hartford Hospital records did not support and were inconsistent with Monica Kowalski's representation that a black female, Lovie DeGourville, had been hired for the position of Administrative Associate I in Hemodialysis sought by Plaintiff. (Baird Aff. ¶ 20.)

Defendants sought extensions of time, with the consent of Plaintiff, to file a Reply to Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment. (doc. #97) (Baird Aff. ¶ 21.)

Defendants filed a Reply on June 9, 2005, (doc. #100) and were granted permission to file a Reply in excess of ten (10) pages. (doc. #98) (Baird Aff. ¶ 22.)

Plaintiff, with the consent of Defendants' counsel, sought extensions of time to file the Surreply which was submitted on July 15, 2005. (doc. #108) (Baird Aff. ¶ 23.)

The Court issued a sixty-nine (69) page Ruling on September 29, 2005, concluding:

> Accordingly, for the reasons stated above, defendants' Motion for Summary Judgment (Doc. No. 68) is DENIED with respect to plaintiff's allegations of failure to hire her for the AAI position in hemodialysis in Counts Three and Four (Title VII and § 1981), see Section II.E.2 supra, and is GRANTED in all other respects, see Sections II.A-D, E.1, and E.3-5 supra.

(doc. #111 at 69) (Baird Aff. ¶ 24.)

On October 17, 2005, the Court issued notice of a Settlement Conference scheduled for November 21, 2005, at 10 AM before The Honorable Magistrate Judge Joan G. Margolis. (doc. #113) (Baird Aff. ¶ 25.)

5

Following April 5, 2005, and prior to November 21, 2005, Defendants never contacted Plaintiff's counsel or provided any indication that they had found additional documents and/or information responsive to Plaintiff's discovery requests. (Baird Aff. ¶ 26.)

Plaintiff first became aware that Defendants had in their possession the documents referenced at Exhibit 1 at the conclusion of the Settlement Conference on November 21, 2005, when it became apparent, as stated in the Memorandum of Settlement Conference that "[s]ettlement discussions were not productive." (doc. #115) (Baird Aff. ¶ 27.)

After representing to Magistrate Judge Garfinkel on June 11, 2004, that all internal memoranda had been produced, the Defendants had "found" internal memoranda relevant to the one issue that had survived summary judgment. (Baird Aff. ¶ 29.)

After representing that documents relevant to Plaintiff's application for the Administrative Associate 1 position in Hemodialysis had been produced in their May 28, 2003, responses (Ex. 1) the Defendants had "found" additional documents relevant to the one issue that had survived summary judgment. (Baird Aff. ¶ 30.)

"Hartford Hospital employs approximately 6,000 people and has a $515 million operating budget, with 1999 total net exceeding of $400 million. Hartford Hospital has 45 patient care and support buildings, and approximately 2.1 million occupied square feet of space. It has a medical staff of 828 physicians. In 1999, the hospital received 176,000 emergency room visits and admitted 36,023 patients." See http://64.233.161.104/search?q=cache:07Wx9UPqb2oJ:www.medhunters.com/employer/10970.html+hartford+hospital+employs&hl=en. (Baird Aff. ¶ 31.)

"Shipman & Goodwin LLP is one of Connecticut's largest law firms with offices in Hartford, Stamford, Greenwich, and Lakeville, Connecticut.  The firm has more than 140

attorneys who are supported by over 190 paralegal , professional and support staff." See

http://www.shipman-goodwin.com/about.htm.  (Baird Aff. ¶ 32.)

## II      STANDARD OF LAW

Rule 60(b) sets forth a variety of bases upon which a court may "relieve a party or his legal representative from a final judgment."  Fed. R. Civ. P. 60(b). The Rule provides that motions seeking relief under one of the first three bases may not be made "more than one year after judgment was entered."  Id.  The Rule also contains a savings clause which reads as follows: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment ⋯ or set aside a judgment for fraud upon the court." *Id.*

## III     CONCLUSION

The Defendants' actions support the assumption that there is more information at Hartford Hospital that may support Plaintiff's non-surviving claims and Plaintiff must have an opportunity to obtain that information and submit another memorandum of law in opposition to the motion for summary judgment.

The Plaintiff applied for numerous positions at Hartford Hospital.  The Court found that genuine issues of material fact remained on Plaintiff's claims regarding one position, the Administrative Associate I position in Hemodialysis.  Clearly, Hartford Hospital and its counsel were inexcusably neglectful in failing to "find" this "information" previously.[2]  However, the fact that Defendants have found only information pertaining to the one remaining claim against Defendants but have found no other information pertaining to the claims against which judgment has rendered is too coincidental to be accepted.

It is a matter of fact that the Defendants did not provide documents as requested in the course of discovery and misrepresented their compliance to the Court. Then, the Defendants

---

[2] Plaintiff uses quotations because Plaintiff does not concede the authenticity of the documents.

waited while the Court worked on a sixty-nine (69) page ruling from July 15, 2005, until September 29, 2005, they concealed their efforts to find new evidence or even that they were considering searching for new evidence. The Defendants then waited to see what issue would be remaining, if any, for the trier of fact and then made a concerted effort to search for documents relevant to that issue. However, this is not the manner in which the process is supposed to work. In essence, the Defendants used the Court to determine what additional discovery efforts they would explore to defeat Plaintiff's claims. This is similar to asking a jury following their verdict what made them decide and then asking the Court to reopen the case so that any information relevant to that decision may be addressed by the requesting party. If this is allowed then all parties should have the opportunity to reopen the record now that it is revealed what the Court found lacking in their respective claims and defenses so that the deficiencies may be cured.

However, this process places a Plaintiff without the resources of a Hartford Hospital (Baird Aff. ¶31) or Shipman & Goodwin (Baird Aff. ¶ 32) at more than the normal and unavoidable disadvantages inherent in employment discrimination cases. An unacceptable disadvantage now imposed by Defendants' actions is that when the Court rendered judgment on certain of Plaintiff's claims, Plaintiff did not have the option of searching through Hartford Hospital's records to determine what was not produced toward filing a supplemental memorandum of law in opposition to summary judgment to change the Court's reasoning. The Defendants pull from their records what they need when they need it but Plaintiff has no such option.

Plaintiff knew that Defendants had not submitted all internal memoranda related to Plaintiff as Plaintiff had requested and that was addressed in Plaintiff's letter to defendants seeking compliance. (Ex. 2.) However, Plaintiff, without the resources of Shipman & Goodwin

8

and Hartford Hospital had to accept, as did Magistrate Judge Garfinkel, the Defendants' representation that they had turned over all such memoranda. (Ex. 3.) But Defendants did not and now they seek to provide only that additional memoranda that they believe helps their cause while the fact remains that it is just too coincidental to believe that the only additional memoranda "found" is that memoranda which helps the Defendants' cause.

     For all of these reasons, Defendants' prior assertions regarding their compliance with discovery requests are not credible and, in the interests of fairness, Plaintiff must have an opportunity to ascertain what documents have not been produced and to file a supplemental memorandum in opposition to summary judgment regarding all the previously non-surviving counts.

                                                   PLAINTIFF
                                                   SARAIYA SOLOMON


BY:     _____
          Rachel M. Baird
          Law Office of Rachel M. Baird
          379 Prospect Street
          Torrington CT 06790-5239
          Tel: (860) 626-9991
          Fax: (860) 626-9992
          E-mail: bairdlawoffice@sbcglobal.net

*Attorney for Plaintiff*

**CERTIFICATION**

I HEREBY CERTIFY THAT the foregoing <u>Plaintiff's Memorandum of Law in Support of Motion for Relief from Judgment or Order</u> was mailed, first-class, postage-paid on December 30, 2005, to the following counsel of record:

Brenda A. Eckert
Shipman & Goodwin LLP
1 Constitution Plz
Hartford CT 06103-1919

_____
Rachel M. Baird