UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAIYA SOLOMON, | : | |
| | : | |
|     Plaintiff, | : | CASE NO.:  3:02-cv-1116(EBB) |
| | : | |
| v. | : | |
| | : | |
| HARTFORD HOSPITAL, | : | |
| GLADYS M. CIASCHINI, | : | |
| SUSAN A. O'CONNELL, and | : | |
| SANDRA NILES, | : | |
| | : | |
|     Defendants. | : | DECEMBER 30, 2005 |

## AFFIDAVIT OF RACHEL M. BAIRD

Rachel M. Baird, hereby states and declares, upon knowledge unless otherwise set forth:

    1.  I represent the Plaintiff and appear as counsel of record on behalf of the Plaintiff in the above-referenced matter.

    2.  On March 28, 2003, in the course of discovery and pursuant to Rule 34 of the Federal Rules of Civil Procedure, I served a Request for Production of Documents on all Defendants which designated and described ninety-four (94) types of documents sought.

    3.  On March 28, 2003, in the course of discovery and pursuant to Rule 33 of the Federal Rules of Civil Procedure, I served a First Set of Interrogatories, having eight (8) in number, on all Defendants.

    4.  On June 25, 2003, in the course of discovery and pursuant to Rule 36 of the Federal Rules of Civil Procedure, I served Requests for Admission, numbered one (1) through one-hundred and ninety-two (192), upon all Defendants.

5. On September 24, 2003, in the course of discovery and pursuant to Rule 36 of the Federal Rules of Civil Procedure, I served Requests for Admission, numbered one-hundred and ninety-two (192) through two-hundred and fifty (250), upon all Defendants.

6. On September 25, 2003, in the course of discovery and pursuant to Rule 34 of the Federal Rules of Civil Procedure, I served a Request for Production of Documents on all Defendants which designated and described sixty-one (61) types of documents sought.

7. The Request for Production of Documents served on served on March 28, 2003, sought, among other things, the following documents:

   a. "(4)   Produce copies of any and all internal memoranda related to Plaintiff."

   b. "(57) Produce any and all documents related to Plaintiff's applications for internal transfer and/or promotion, including applications from other applicants for the same position."

   c. "(58) "Produce any and all documents related to the qualifications of any employee hired or transferred to the position of Associate Administrative I in the Hemodialysis Department since May 2000."

   d. "(59) "Produce any and all communications related to Plaintiff's application(s) for transfer to the position of Administrative Associate I in the Hemodiaslysis Department."

8. The Defendants objected to the production of the requested documents specified under paragraph seven (7), above, on various grounds, including the assertion that the requests were "overbroad" and "vague." (Pl.'s Mem. of Law in Supp. of Mot for Relief from Judgment or Order (hereinafter "Pl.'s Mem.")), Ex. 1.)

9. In accordance with Local Civil Rule 37(a)(2) of the Local Civil Rules for the District of Connecticut, I provided Defendants' counsel with a letter dated February 19, 2004, in a good faith effort to eliminate or reduce controversies arising during discovery. (Pl.'s Mem., Ex. 2)

10. When certain of the disputes were not resolved through the efforts of counsel, I sought a conference in accordance with Rule 16 of the Federal Rules of Civil Procedure. (doc. #52.)

11. The Honorable Gerard L. Goettel granted my motion for a Rule 16 conference on April 14, 2004. (doc. #53.)

12. A telephone conference was convened on May 3, 2004, by Magistrate Judge William I. Garfinkel and I participated on behalf of the Plaintiff and Gregg P. Goumas participated on behalf of the Defendants.

13. By agreement of counsel, Magistrate Judge Garfinkel agreed to intervene in the outstanding discovery issues. (doc. #54.)

14. To identify the outstanding issues, Defendants used the February 19, 2004, discovery compliance letter (Pl.'s Mem., Ex. 2) that I had drafted and incorporated their replies to my responses to their original objections. (Pl.'s Mem., Ex. 3.)

15. Magistrate Judge Garfinkel, in the margins of the June 11, 2004, letter, provided his guidance regarding the outstanding discovery issues. (Pl.'s Mem., Ex. 3.)

16. As regards the discovery issue arising from Plaintiff's request set forth under paragraph 7(a), above, the Defendants represented to the Court that "[t]he named Defendants have produced any and all internal memoranda relating to the plaintiff of which they are aware." (Pl.'s Mem., Ex. 3 at 2) (emphasis in orginal.)

17. The production requests set forth under paragraphs 7(b) through (d), above, were not addressed in my February 19, 2004, discovery letter (Pl.'s Mem., Ex. 3.)because the Defendants had represented that they were providing the documents. (Pl.'s Mem., Ex. 3.)

18. On November 22, 2004, Defendants filed a Motion for Summary Judgment. (doc. ##68-75.)

19. Plaintiff filed an opposition to the motion for summary judgment on April 5, 2005. (doc. ##89-91.)

20. At the time that Plaintiff filed an opposition to the motion for summary judgment, on April 5, 2005, Defendants had notice of the argument submitted regarding Plaintiff's application for the Administrative Associate I position in Hemodialysis, specifically, that the Hartford Hospital records did not support and were inconsistent with Monica Kowalski's representation in an Affidavit submitted to the Court that a black female, Lovie DeGourville, had been hired for the position of Administrative Associate I in Hemodialysis sought by Plaintiff.

21. Defendants sought extensions of time, with the consent of Plaintiff, to file a Reply to Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment. (doc. #97.)

22. Defendants filed a Reply on June 9, 2005, (doc. #100) and were granted permission to file a Reply in excess of ten (10) pages. (doc. #98.)

23. Plaintiff, with the consent of Defendants' counsel, sought extensions of time to file the Surreply which was submitted on July 15, 2005. (doc. #108.)

24. The Court issued a sixty-nine (69) page Ruling on September 29, 2005, concluding:

> Accordingly, for the reasons stated above, defendants' Motion for Summary Judgment (Doc. No. 68) is DENIED with respect to plaintiff's allegations of failure to hire her for the AAI position in hemodialysis in Counts Three and Four (Title VII and § 1981), see Section II.E.2 supra, and is GRANTED in all other respects, see Sections II.A-D, E.1, and E.3-5 supra.

4

(doc. #111 at 69.)

25. On October 17, 2005, the Court issued notice of a Settlement Conference scheduled for November 21, 2005, at 10 AM before The Honorable Magistrate Judge Joan G. Margolis. (doc. #113.)

26. Following April 5, 2005, and prior to November 21, 2005, Defendants never contacted me or provided any indication that they had found additional documents and/or information responsive to Plaintiff's discovery requests.

27. I first became aware that Defendants had in their possession the documents referenced at Exhibit 1 at the conclusion of the Settlement Conference on November 21, 2005, when it became apparent, as stated in the Memorandum of Settlement Conference that "[s]ettlement discussions were not productive." (doc. #115.)

28. I was speechless when this information was presented to me and of the four individuals present at the time I believe I was the only one not prepared for Attorney Eckert's announcement.

29. I was speechless because after representing to Magistrate Judge Garfinkel on June 11, 2004, that all internal memoranda had been produced, the Defendants represented on November 21, 2005, that they had "found" internal memoranda and other documents relevant to the one issue that had survived summary judgment.

30. After representing that documents relevant to Plaintiff's application for the Administrative Associate 1 position in Hemodialysis had been produced in their May 28, 2003, responses (Pl.'s Mem., Ex. 1)the Defendants had "found" additional documents relevant to the one issue that had survived summary judgment.

5

31. "Hartford Hospital employs approximately 6,000 people and has a $515 million operating budget, with 1999 total net exceeding of $400 million. Hartford Hospital has 45 patient care and support buildings, and approximately 2.1 million occupied square feet of space. It has a medical staff of 828 physicians. In 1999, the hospital received 176,000 emergency room visits and admitted 36,023 patients."  See http://64.233.161.104/search?q=cache:07Wx9UPqb2oJ:www.medhunters.com/employer/10970.html+hartford+hospital+employs&hl=en.

32. "Shipman & Goodwin LLP is one of Connecticut's largest law firms with offices in Hartford, Stamford, Greenwich, and Lakeville, Connecticut.  The firm has more than 140 attorneys who are supported by over 190 paralegal , professional and support staff."  See http://www.shipman-goodwin.com/about.htm.

*I declare under penalty of perjury that the foregoing is true and correct.*

*Executed at Torrington, Connecticut, this 30TH day of December, 2005.*

 

 

                                                                                           _____

                                                                                           Rachel M. Baird

**CERTIFICATION**

I HEREBY CERTIFY THAT the foregoing <u>Affidavit of Rachel M. Baird</u> was mailed, first-class, postage-paid on December 30, 2005, to the following counsel of record:

Brenda A. Eckert
Shipman & Goodwin LLP
1 Constitution Plz
Hartford CT 06103-1919

_____
Rachel M. Baird