# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SARAIYA SOLOMON             :      CIVIL ACTION NO.
                                      :      3:02-cv-1116 (EBB)
                                      :
           Plaintiff,            :
v.                               :
                                      :
HARTFORD HOSPITAL, et al.      :
                                      :
           Defendants.         :      February 24, 2006

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER

On September 29, 2005, this Court granted Defendants' motion for summary judgment on all but two counts of Plaintiff Saraiya Solomon's Second Amended Complaint. In both of the surviving claims, Plaintiff alleges that Defendants Hartford Hospital, Susan O'Connell, Gladys Ciaschini, and Sandra Niles (collectively, "Defendants") did not hire Plaintiff, an African-American woman, for an Administrative Assistant I ("AAI") position in Hartford Hospital's Hemodialysis Unit because of her race. In their motion for summary judgment, Defendants argued that Plaintiff could not establish racial discrimination from the Hospital's decision not to hire Plaintiff for the AAI position because it hired Lovey DeGourville, another black woman, for that job. However, the Court decided that

Defendants' evidence was insufficient to support the testimony of the Hiring Manager, Ms. Monica Kowalski, that the Hospital had hired Ms. DeGourville for the position at issue.

As a result of the Court's ruling, Defendants realized that they needed to prepare for trial on the issue of whether Plaintiff had been denied the AAI position in the Hemodialysis Unit because of her race. Indeed, the Court had already ruled that the personnel file documents produced during discovery were insufficient to substantiate Ms. Kowalski's sworn statement that Ms. DeGourville had filled the position, and Ms. DeGourville, a former employee, remained unavailable to provide a declaration. Therefore, the Defendant Hospital focused its trial preparation efforts on attempting to find documents generated during the course of work in the Hemodialysis Unit to substantiate Ms. Kowalski's testimony and to provide an explanation for the conflict between her testimony and Ms. DeGourville's personnel file documents.[1]

Just prior to the November 21, 2005 settlement conference with Magistrate Judge Margolis, Defendants located additional documentary evidence through its trial preparation

---

[1] There is an inconsistency between Ms. Kowalski's declaration and the Defendant Hospital's Employee Record Change Notice ("ECRN"), which indicates that Ms. DeGourville held the position as Patient Care Assistant throughout her assignment to the Hemodialysis Unit, and makes no mention of her ever being assigned as an AAI in that Unit. Additionally, the performance appraisals for Lovey DeGourville during the relevant period list her job title as Patient Care Assistant.

2

substantiating that Ms. DeGourville had assumed the AAI position in the Hemodialysis Unit at issue. They produced these documents with their *Ex Parte* Settlement Conference Memorandum to Magistrate Judge Margolis. When the case could not be resolved, the Magistrate Judge entered an order permitting Defendants to file a motion for partial summary judgment based on the documents directed to Plaintiff's surviving claims. Under the Magistrate Judge's order, Defendants were given until December 2, 2005 to supplement their discovery responses with any additional, relevant information and documentation. Plaintiff was afforded the opportunity to take additional discovery related to this information and documentation until December 30, 2005, and Defendants were scheduled to file their motion for partial summary judgment on February 1, 2006.

Plaintiff elected not to take any discovery. Instead, on the final day of the supplemental discovery period, Plaintiff moved to vacate this Court's September 29, 2005 Order granting summary judgment and "reopen the record" with regard to her dismissed claims pursuant to Fed. R. Civ. P. 60(b)(3) on the ground that "Defendants have engaged in fraud, misconduct, and misrepresentation upon Plaintiff in the discovery process and upon the Court." Plaintiff's Motion at 1, 8. Plaintiff's argument, in its entirety, is that

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Defendants' recent discovery of documents relevant to Plaintiff's surviving claims suggests that they must have intentionally withheld documents responsive to Plaintiff's other claims.

Plaintiff's allegations, however, are wholly baseless and speculative. In fact, she does not even attempt to satisfy her heavy burden under Fed. R. Civ. P. 60(b)(3) to demonstrate *by clear and convincing evidence* that Defendants' alleged misconduct *substantially interfered* with her ability to fully and fairly prepare her case. Moreover, it is readily apparent from her failure to conduct any discovery on this issue prior to December 30, 2005, and from the plain language of her supporting memorandum, that Plaintiff did not make *any investigation* into the factual or legal basis for her allegations of fraud and misconduct. If Plaintiff had any serious concerns about Defendants' conduct during the discovery process, she could have used the supplemental discovery period to investigate these concerns. Instead, she did nothing—she did not take even a single deposition to question Defendants, their employees, or agents regarding her concerns.

Finally, Plaintiff's argument assumes that *any* production of documents after the initial discovery deadline always constitutes evidence of fraud or misconduct. This argument, however, runs contrary to the letter and spirit of the discovery rules, which expressly contemplate that documents will be discovered and produced on an ongoing basis.

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Indeed, Defendants' supplemental production of documents *is required* by Fed. R. Civ. P. 26(e), as well as the instructions contained in Plaintiff's own production requests. For all of these reasons, this Court should reject Plaintiff's transparent effort to relitigate the merits of the claims that this Court dismissed on September 29, 2005.

### FACTUAL BACKGROUND

Plaintiff's Complaint alleges, *inter alia*, that she applied for an AAI position in Hemodialysis in June 2000, was qualified for the position, but was rejected on the basis of her race. Complaint ¶¶ 81-82. During their investigation of this claim, Defendants learned that Lovie DeGourville, another black woman, was placed in the AAI position. This critical fact would undermine any claim that Plaintiff was not selected for the position on account of her race. For instance, counsel for Defendants interviewed Monica Kowalski, who was employed by Hartford Hospital as Office Manager in the Hemodialysis Unit in June 2000, who recalled that Ms. DeGourville had filled the AAI position in Hemodialysis. *See* Kowalski Decl. ¶ 2. In addition, counsel for Defendants discovered an application form, dated June 26, 2000, reflecting that Ms. DeGourville applied for transfer to the AAI position. *See* Kowalski Decl., Exh. 2. However, Defendants were unable to recover any

5

other personnel file records for Ms. DeGourville reflecting that she had assumed the AAI position.

Defendants filed their motion for summary judgment on November 19, 2004, arguing that Plaintiff could not establish racial discrimination from the Hospital's decision not to hire Plaintiff for the AAI position because it hired Ms. DeGourville, another black woman, to fill that position. On September 29, 2005, this Court granted summary judgment against Plaintiff on all of her claims, with the exception of those arising from Hartford Hospital's decision not to hire Plaintiff for the AAI position in the Hemodialysis Unit. The Court pointed to the lack of evidence showing that DeGourville ever assumed the role of AAI in Hemodialysis, which "undermine[d]" Defendants' argument that they filled the position with a black applicant who was more qualified than plaintiff. Order, Slip op. at 62 (D. Conn. Sept. 29, 2005). For instance, the Court pointed out that while "there is an application for the AAI position for . . . DeGourville, dated June 26, 2000, the field regarding DeGourville's offer and acceptance of the position is blank." *Id.* In addition, the Court did not accept Kowalski's statement that Plaintiff was unqualified for the position because she had previously testified in an administrative hearing before the Connecticut

6

Commission on Human Rights and Opportunities that Plaintiff "was not as qualified as the chosen applicant." *Id.*

In preparation for the possible trial, Defendants made a final effort to locate any documentation generated by the internal work of the Hemodialysis Unit that could substantiate that Ms. DeGourville had actually assumed the position at issue. Indeed, Defendants had a reasonable basis to press forward with their search for additional documentation regarding the AAI position. On the one hand, Ms. Kowalski recalled that Ms. DeGourville had filled the AAI position in the Hemodialysis Unit, and there was some evidence to corroborate this recollection. For instance, after the Court's September 29, 2005 ruling, the Defendant Hospital finally succeeded in locating Ms. DeGourville, who confirmed that she had worked as an AAI in the Hemodialysis Unit prior to transferring to another department. On the other hand, Defendants had been unable to unearth any other personnel file records of Lovey DeGourville, who was no longer employed in the Hospital, to establish that Ms. DeGourville had, in fact, filled that position.

As a result of these efforts, Defendant Hospital reviewed the internal work records for the Hemodialysis Unit, and finally located several documents that demonstrate that Ms. DeGourville assumed the AAI position, including:

7

- A memorandum entitled "Job Duties," spelling out Ms. DeGourville's responsibilities as AAI in the Hemodialysis Unit.
- Dialysis Staff Meeting Minutes from December 12, 2000, listing Ms. DeGourville as one of the secretaries who will cover sick calls on weekends in the Hemodialysis Unit.
- Dialysis Staff Meeting Minutes from March 29, 2001, listing Ms. DeGourville as one of the secretaries who attended meeting in the Hemodialysis Unit.

This documentation was consistent with Ms. DeGourville's application for promotion/transfer, dated March 30, 2001, listing Ms. DeGourville as currently working as AAI/PCT/CMA in Hemodialysis Unit.[2]

As noted above, counsel for Defendants chronicled the new evidence related to Plaintiff's remaining claim to Magistrate Judge Margolis in a confidential, *ex parte* letter for the Settlement Conference dated November 18, 2005, and supplemented its discovery responses pursuant to the Magistrate Judge's order.

## LEGAL STANDARD

Fed. R. Civ. P. 60(b)(3) provides, in relevant part, that this Court may relieve a moving party from a final order for reasons including "fraud . . . misrepresentation, or other misconduct of an adverse party." It is well-established in this jurisdiction, however, that the courts will not disturb a final order pursuant to Rule 60(b)(3) unless the moving

---

[2]    This document was not produced because it did not relate to any position for which Plaintiff applied,

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

party satisfies both parts of a two-part test. *See Catskill Dev. LLC v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 312 (S.D. N.Y. 2003); *Gonzalez v. Gannett Sattelite Info. Network, Inc.*, 903 F. Supp. 329, 332 (N.D. N.Y. 1995).

- <u>First</u>, the moving party must demonstrate by *clear and convincing evidence* that the adverse party engaged in fraud, misrepresentation, or other misconduct; and

- <u>Second</u>, the moving party must show that this conduct *substantially interfered* with the movant's ability to fully and fairly present her case.

*See Anderson v. Cryovac Inc.*, 862 F.2d 910, 923-25 (1st Cir. 1988); *Catskill Dev. LLC*, 286 F. Supp. 2d at 312; *Gonzalez*, 903 F. Supp. at 332. The moving party bears the burden of meeting both parts of this test. *See See Catskill Dev. LLC*, 286 F. Supp. 2d at 312. Parties who seek to reopen final judgments pursuant to Rule 60 are required to satisfy this heavy burden because "[v]erdicts ought not lightly be disturbed, so it makes very good sense to require complainants to demonstrate convincingly that they have been victimized by an adversary's misconduct." *Anderson*, 862 F.2d at 924. Indeed, Rule 60(b) "provides an extraordinary remedy that is granted only when the movant can demonstrate that 'exceptional circumstances' justify the relief requested." *Catskill Dev., LLC*, 286 F. Supp. 2d at 312.

---

and therefore was not relevant to the issues in this case.

9

## DISCUSSION

Plaintiff's motion makes the following argument: Defendants produced documents after the discovery deadline; *ergo*, Defendants are currently in possession of additional documents that may support Plaintiff's claims, and have knowingly engaged in fraud by concealing these documents. *See* Motion at 7-8. Plaintiff's motion, however, fails to produce even a scintilla of evidence to support her claim of fraud or to justify her request for extraordinary relief. Instead, Plaintiff's motion is founded upon pure speculation and bald misrepresentations. Moreover, Plaintiff chose not to make any inquiry into the *factual or legal basis* for her allegations of fraud and misconduct during the four-week period for supplemental discovery allowed by this Court. For example, Plaintiff took no discovery regarding Defendants' supplemental production, and thus made no effort to confirm or dispel any suspicions she might have had regarding Defendants' compliance with their discovery obligations. In addition, Plaintiff's motion contains *no citations to any cases* interpreting Rule 60, and does not even state the standard she is required to meet to obtain relief under Rule 60, let alone argue that she satisfies this standard. Finally, Defendants' supplemental production was required by the Federal Rules of Civil Procedure, and by the instructions in Plaintiff's own Production Requests. For all of these reasons, this Court

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

should deny Plaintiff's motion for relief from this Court's September 29, 2005 Order on Defendants' Motion for Summary Judgment.

**A.** **Plaintiff Offers No Evidence To Support Her Speculative Claim That Defendants Fraudulently Concealed Documents**

Plaintiff makes no effort to show that she can carry her heavy burden to justify relief pursuant to Rule 60(b)(3). Indeed, Plaintiff offers no evidence whatsoever—let alone *clear and convincing evidence*—to support her claim that Defendants intentionally withheld or concealed any evidence from this Court. *See Catskill Dev., LLC,* 286 F. Supp. 2d at 312. Moreover, Plaintiff does not even argue that she is able to show that Defendants' conduct *substantially interfered* with her ability to fully and fairly present her case. *See Anderson,* 862 F.2d at 923-25.

Instead, Plaintiffs' motion is based entirely upon mere speculation, as evidenced by the text of her own brief. Plaintiff writes of her *"assumption* that there is more information at Hartford Hospital that *may support* Plaintiff's non-surviving claims . . .." Motion at 7 (emphasis added). Later, she suggests that Defendants' recent discovery of documents "is *too coincidental* to be accepted." *Id.* (Emphasis added.) However, there is not one iota of proof to support the serious charge that Defendants engaged in any fraud or misconduct at any time by failing to produce documents that were favorable to their position.

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

The courts in this jurisdiction and elsewhere have consistently rejected efforts to reopen final judgments or orders where, as in this case, moving parties are unable to provide any evidence to support their allegations. *Ford v. New York City Transit Auth.*, 81 Fed. Appx. 385, 387 (2d Cir. 2003) (rejecting appellant's claims of fraud as "meritless" where he "offered no evidence that appellees committed any fraud or misrepresentation at all, much less the heightened form of 'fraud which seriously affects the integrity of the normal process of adjudication' which is the predicate of an action under . . . Rule 60(b)."); *Mastini v. Am. Tel. & Tel. Co.*, 369 F.2d 378, 379 (2d Cir. 1966) (rejecting appellant's allegations of fraud as "not substantiated," and characterizing appellant's Rule 60 motion as an "attempt[] . . . to relitigate the merits of his claim."); *Loum v Houston's Restaurants, Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998) (finding relief under Rule 60(b)(3) to be "unwarranted" where moving party "makes no showing that Defendant acted with any intent to defraud or deceive the Court.") Here, as in *Mastini*, Plaintiff's motion is no more than a transparent effort to relitigate the merits of her failed claims. *See Mastini*, 369 F.2d at 379.

Not only is Plaintiff's motion is also based upon mere speculation, it is also based upon bald misrepresentations. For instance, she argues that Defendants misrepresented

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

their discovery disclosures to the Court, stating flatly that "Defendants did not provide documents as requested in the course of discovery and misrepresented their compliance to the Court." Motion at 7. It is impossible to respond to this argument as written, because Plaintiff's brief does not identify which statement she believes to be a misrepresentation. However, Defendants will assume that Plaintiff's accusation refers to Defendants' statement that they "produced any and all internal memoranda relating to the plaintiff *of which they are aware*," since she specifically refers to this statement earlier in her brief. *Id.* at 4. Plaintiff's apparent effort to characterize this statement as false fails for two reasons. First, Defendant's statement completely and accurately reflects that Defendants produced all documents that they located during their initial searches for information relevant to Plaintiff's claims. Second, *none of the documents in Defendants' responses to Plaintiff's Second Request for Production are internal memoranda relating to the Plaintiff.* Instead, the documents disclosed in Defendants' supplemental production include memoranda and other documents *relating to Ms. DeGourville.* To the extent Defendants discovered any internal memoranda relating to the Plaintiff, such documents were served on Plaintiff in Defendants' responses to Plaintiff's first production request.

13

Moreover, Plaintiff complains that Defendants "concealed their efforts to find new evidence or even that they were considering searching for new evidence." Motion at 8. Of course, Defendants were not concealing their efforts to find new evidence because there is no obligation under the Federal Rules of Civil Procedure to inform one's adversary of additional efforts to search for evidence. Once again, Plaintiff's motion is bereft of any authority to support her claim. Thus, Plaintiff's argument, like the rest of her baseless allegations, is utterly without merit.

Further, it would be impossible for Plaintiff to demonstrate that the Defendants' supplemental production of documents after the initial discovery deadline substantially interfered with her ability to present her case. Indeed, all of the documents in Defendants' supplemental production are helpful to support their argument that Ms. DeGourville assumed the AAI position in Hemodialysis. Thus, Defendants' untimely production did not have the effect of interfering with Plaintiff's case; to the contrary, it only had the effect of interfering with the presentation of Defendants' case. In fact, Defendants' late production of these documents is the only reason why any part of Plaintiff's meritless case survived beyond this Court's September 29, 2005 Order.

14

Finally, to accept Plaintiff's argument, this Court would have to accept the curious proposition that Defendants intentionally withheld documents that were *helpful* to their position, such as those included in their supplemental production. Indeed, Defendants had no interest or advantage in failing to disclose these documents earlier. In fact, by failing to produce these documents in their initial response to Plaintiff's production requests, Defendants put themselves at risk of incurring the inconvenience and expense of a trial on the issue of discrimination in hiring for the AAI position in Hemodialysis.

**B.**     <u>Plaintiff Failed To Make Any Inquiry Into the Factual Basis for Her Motion for Relief From Judgment</u>

At the November 21, 2005 Settlement Conference, Magistrate Judge Margolis ordered Defendants to produce newly discovered evidence to Plaintiff by December 2, 2005, and allowed Plaintiff until December 30, 2005 to conduct additional discovery related to this evidence. Plaintiff, however, failed to take any additional discovery.

Plaintiff could have used this ample period for discovery to investigate her "assumption that there is more information at Hartford Hospital that may support Plaintiff's non-surviving claims," or her suspicion that "Hartford Hospital and its counsel were inexcusably neglectful in failing to find this information previously." Motion at 7. In fact, she had a full and fair opportunity to depose any Hartford Hospital employees regarding her

15

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*

ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

unsupported hunches.  Of course, if Plaintiff had made any inquiry into whether there is any factual basis to support her allegations, she would have learned that no factual basis exists to support her allegations of fraud and misconduct.  Had Plaintiff made this initial, good faith inquiry, all of the Defendants and this Court would have been spared the time and expense of responding to this baseless, speculative motion.

In fact, the Federal Rules of Civil Procedure require a party to make a reasonable inquiry into the factual basis for any motion or pleading filed with the Court.  The plain language of Rule 11 makes clear that the filing of any motion certifies that "to the best of the person's knowledge, information or belief, *formed after an inquiry reasonable under the circumstances . . . the allegations and other factual contentions have evidentiary support.*" Fed. R. Civ. P. 11(b)(3); *see Stone v. BBS Automotive Group, Inc.*, Civ. No. 3:04CV985(HBF), 2006 U.S. Dist. Lexis 3442, at *5-6 (D. Conn. Jan. 17, 2006) (Rule 11 "imposes upon attorneys an affirmative duty of pre-filing inquiry into the facts and the law."); *Sgarlata v. Viacom, Inc.*, 02 Civ. 7234, 2005 U.S. Dist. Lexis 4435, at *23 (S.D. N.Y. Mar. 21, 2005) (Rule 11 "is violated when . . . a reasonable inquiry into the basis for a pleading has not been made . . ..")  In other words, Rule 11 "require[s] litigants to 'stop-

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

and-think' before initially making legal and factual contentions." *See* Fed. R. Civ. P. 11 advisory committee notes, 1993 Amendments.

Moreover, the United States Supreme Court has set a very high standard for conducting a "reasonable inquiry" into the factual basis for a motion pursuant to Rule 11. *See Business Guides, Inc. v. Chromatic Communications Enters., Inc.*, 498 U.S. 533, 541 (1991). In *Business Guides, Inc.*, a corporation that publishes retail trade directories sued a competitor for copyright, alleging that the defendant had copied listings from its directories. *Id.* at 535-36. To protect its directories against copying, Business Guides deliberately plants in them bits of false information, known as "seeds"; if the "seeds" appear in a competitor's directory, Business Guides considers this to be evidence of copyright infringement. *Id.* Business Guides' allegations of copyright were based on the presence of ten "seeds" in the defendant's directory. *Id.* at 536. However, the plaintiff's master list of "seeds" erroneously contained the *correct information*; therefore, the presence of identical listings in defendant's directory did not indicate copying, but rather accurate research. *Id.* at 537. The plaintiff filed suit without double-checking the "seeds" that appeared in defendant's directory to make sure that they actually contained *false information*. *Id.* at

17

538.  The trial court sanctioned plaintiffs for failure to investigate the factual basis for their

allegations, and the Supreme Court affirmed, explaining that:

> [Rule 11] sets up a means by which litigants certify to the court, by
> signature, that any papers filed are well-founded . . .. A signature certifies
> to the court that the signer has read the document, has conducted a
> reasonable inquiry into the facts and the law and is satisfied that the
> document is well grounded in both . . ..  The certification requirement now
> mandates that all signers consider their behavior in terms of the duty they
> owe to the court system to conserve its resources and avoid unnecessary
> proceedings.

*See id.* at 1153-54.[3]

Plaintiff's inquiry into the facts alleged by her motion in this case is even less

thorough than the plaintiff's investigation in *Business Guides*.  There, the plaintiff's

allegations at least had some factual basis, even though the plaintiff failed to double-check

that factual information prior to filing.  Here, by contrast, Plaintiff lacked any factual basis

to support her allegations of fraud and misconduct.  Moreover, Plaintiff made no inquiry

into the basis for her allegations, even though the Magistrate Judge specifically set aside an

additional four-week period of discovery for Plaintiff to investigate Defendants'

supplemental production of documents.  Instead, Plaintiff simply waited for the

---

[3]    Although Rule 11 was modified in 1993, the amendments did not affect the provisions discussed here.

18

supplementary discovery period to elapse, and then, on the final day of that period, filed her

Motion—which, as noted, has no evidentiary basis whatsoever. At a minimum, this Court

should deny Plaintiff's submission of a baseless motion where she had a full and fair

opportunity to make an inquiry regarding the basis for her allegations of fraud.

**C.**     **Plaintiff Failed To Make Any Inquiry Into the Legal Basis for Her Motion for Relief From Judgment**

Plaintiff's motion does not reflect any effort by Plaintiff to research any of the cases

interpreting the scope and application of Rule 60(b)(3), upon which her motion for relief is

based. For instance:

- Plaintiff's motion and memorandum do not cite to a single case;
- Plaintiff's motion and memorandum do not identify the standard that she is required to meet in order to qualify for relief pursuant to Rule 60(b)(3); and
- Plaintiff's motion and memorandum do not even attempt to argue that she has satisfied the governing standard.

Unfortunately, Plaintiff's conduct in preparing and filing this motion fails to satisfy even the

minimum threshold established by Rule 11, which "imposes upon attorneys an affirmative

duty of pre-filing inquiry into the facts and the law." *Stone*, 2006 U.S. Lexis 3442, at *5-

6. Here, the Plaintiff's failure to discharge her "affirmative duty of pre-filing inquiry" is

---

*See* Fed. R. Civ. P. 11 advisory committee notes, 1993 Amendments (noting that subdivisions (b) and (c) "restate the provisions requiring attorneys . . . to conduct a reasonable inquiry into the law and

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*

ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

clearly evidenced by her failure to identify the prevailing legal standard, let alone argue that

it is met. *Id*. at *6. Thus, at a minimum, this Court should deny Plaintiff's motion.

**D.    Defendants Were Under Continuing Obligation to Make Supplemental
Production of Newly-Discovered Documents Pursuant to Fed. R. Civ. P. 26(e),
And Instructions Contained In Plaintiff's Own Requests for Production of
Documents**

Plaintiff treats Defendants' supplemental production of documents after the

discovery deadline as evidence of a nefarious plan "to see what issue would be remaining

[after the Court's ruling on Defendants' motion for summary judgment], if any, for the trier

of fact and then ma[k]e a concerted effort to search for documents relevant to that issue."

Motion at 8. To the contrary, Defendants' supplemental production is required by the

discovery rules, and by the terms of Plaintiff's own Requests for Production. For instance,

Rule 26 provides:

> A party is under a duty to supplement at appropriate intervals its
> disclosures . . . if the party learns that in some material respect the
> information disclosed is incomplete or incorrect and if the additional
> or corrective information has not otherwise been made known to the
> other parties during the discovery process or in writing.

*See* Fed. R. Civ. P. 26(e). In addition, Plaintiff's First and Second Requests for Production

of Documents state:

---

facts before signing . . . written motions.")

**SHIPMAN & GOODWIN**® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

> The following requests for documents are continuing. In the event any documents or materials come to your attention or are in Defendants' possession, custody, or control, after the filing of your responses hereto, which documents or materials are within the scope of any request for production herein, said additional documents or material shall be furnished to Plaintiff's counsel immediately.

*See* Plaintiff's First Request for Production of Documents ¶ 13; Plaintiff's Second Request for Production of Documents ¶ 13.

Plaintiff's argument rests upon the assumption that every supplemental production of documents after the initial discovery deadline always constitutes evidence of fraud or misconduct. This cannot be the case. Indeed, the Federal Rules, as well as Plaintiff's own instructions, expressly contemplate that parties will continue to search for evidence after the initial deadlines, and supplement their discovery responses, until the time of trial. In fact, pursuant to the Federal Rules, and the clear instructions contained in Plaintiff's own Requests for Production, Defendants were not only permitted, but *required* to produce the newly discovered information. Plaintiff's attempt to cast Defendants' disclosure and production in a more sinister light is absurd in light of the instructions set forth in Paragraph 13 of her own production requests, as well as Rule 26(e).

21

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request that this Court deny

Plaintiff's motion for relief from judgment.

> DEFENDANTS,
> HARTFORD HOSPITAL, GLADYS
> CIASCHINI, SUSAN O'CONNELL, AND
> SANDRA NILES
>
> By _____
>     Brenda A. Eckert (ct00021)
>     Beckert@goodwin.com
>     Benjamin M. Wattenmaker (ct26923)
>     Bwattenmaker@goodwin.com
>     Shipman & Goodwin LLP
>     One Constitution Plaza
>     Hartford, CT  06103-1919
>     Telephone: (860) 251-5000
>     Facsimile: (860) 251-5214

22

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing Defendants' Opposition to Plaintiff's Motion for Relief from Judgment or Order was mailed, via U.S. mail, postage prepaid, on this 24th day of February, 2006, to:

Attorney Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT  06790-5239

Benjamin M. Wattenmaker

426511 v.02

23