UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SARAIYA SOLOMON | : | CIVIL ACTION NO. |
| | : | 3:02-cv-1116 (EBB) |
| Plaintiff, | : | |
| v. | : | |
| HARTFORD HOSPITAL, et al. | : | |
| Defendants. | : | May 12, 2006 |

**DEFENDANTS' SUR-REPLY TO PLAINTIFF'S MOTION FOR
RELIEF FROM JUDGMENT OR ORDER**

On September 29, 2005, this Court granted Defendants' motion for summary judgment on all but two counts of Plaintiff Saraiya Solomon's Second Amended Complaint. On December 30, 2005, in a final effort to salvage her failed claims, Plaintiff moved to reopen the Court's September 29, 2005 decision pursuant to Rule 60 on the ground that counsel for Defendants Hartford Hospital, Susan O'Connell, Gladys Ciaschini, and Sandra Niles (collectively, "Defendants") engaged in fraud, misconduct, and misrepresentation upon Plaintiff and this Court during the course of discovery. Plaintiff's motion, however, did not identify any facts to support the serious allegation, and instead based her argument

solely upon her "*assumption* that there is more information at Hartford Hospital that *may support* Plaintiff's non-surviving claims." Motion at 7.

Now, Plaintiff's Reply Brief purports to uncover "Newly Discovered Evidence" that Defendants engaged in fraudulent activity. *See* Reply at 7. Plaintiff notes that during the course of discovery, she requested documents pertaining to complaints of discrimination against any of the Defendants. In response, Defendants identified a CHRO Complaint against Defendant O'Connell by Linda Huskey, a former student in Hartford Hospital's Allied School of Health, but objected to its production on the ground that it is an educational record subject to the disclosure and notification requirements of the Family Educational Rights and Privacy Act ("FERPA"). Therefore, prior to disclosing the Complaint, Defendants notified Ms. Huskey of its potential disclosure by certified mail sent to her last known address, as required by FERPA. However, the letter was returned with a United States Post Office stamp reflecting that Ms. Huskey's address was "not known." The CHRO Complaint was later disclosed pursuant to a protective order issued by this Court.

Based on these facts, Plaintiff suggests once again that Defendants engaged in fraud, and that this Court should vacate its September 29, 2005 Order. However, Plaintiff simply

2

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

cannot show that Defendants engaged in any fraudulent conduct. Defendants were under no discovery obligation to find Ms. Huskey. In fact, Defendants' only duty was to produce all documents responsive to production request No. 16, including the CHRO complaint filed by Ms. Huskey, and they produced all such documents pursuant to the protective order. Moreover, Defendants fully discharged their obligation under FERPA to take reasonable steps to notify Ms. Huskey of the pending production.

In addition, Plaintiff does not even argue that she was prejudiced by Defendants' alleged conduct. Indeed, Plaintiff received all of the documents she requested in discovery, and was able to contact Ms. Huskey when she wished. Hence, no prejudice.

Moreover, none of Plaintiff's "evidence" is "newly-discovered" pursuant to Rule 60(b)(2), which defines the term as "evidence which by due diligence could not have been discovered in [10 days'] time." Plaintiff knew that Defendant's certified mail failed to reach Ms. Huskey in September 2004. Thus, Plaintiff could have brought this matter to the attention of the Court long ago.

Finally, Defendants respectfully request that this Court order Plaintiff to assume the costs incurred by Defendants in responding to her false accusations. Both of Plaintiff's briefs on this issue fail to identify any facts that would show that Defendants have engaged

SHIPMAN & GOODWIN® LLP • COUNSELORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

in fraudulent conduct. Thus, Plaintiff has run afoul of the most basic requirement of motion practice: to ensure that all allegations made in all motions have evidentiary support. It would be unfair for Defendants to absorb the substantial cost of rebutting Plaintiff's serious, although baseless, allegations of professional conduct.

## FACTUAL BACKGROUND

On March 28, 2003, Plaintiff served her First Request for Production of Documents on Defendants (attached as Exhibit A). Request No. 16 sought production of "any and all documents related to complaints and allegations of discrimination . . . against Defendant O'Connell, including, but not limited to, lawsuits, claims, administrative charges and grievances." On May 28, 2003, Defendants responded to this request by stating that Defendant O'Connell did not possess any such documents, but Defendant Hospital was attempting to determine whether it possessed any such documents, and that such documents would be produced if found. *See* Defendant O'Connell's Responses and Objections to Plaintiff's First Request for Production of Documents (attached as Exhibit B).

On March 18, 2004, Defendants represented to Plaintiff that upon further research, Defendants had determined that "there was one responsive complaint made by Linda Huskey, a former student at the Allied School of Health, against Defendant O'Connell

4

dating back to the late 1980s or early 1990s," and that the CHRO Complaint "may be in her educational file in the School of Allied Health." *See* March 18, 2004 Letter (attached as Exhibit C). Defendants further represented that the CHRO Complaint qualifies as an educational record protected under the Federal Educational Rights and Privacy Act ("FERPA"), and therefore the Hospital could not disclose the Complaint unless it obtained Ms. Huskey's prior written consent, or this Court issued a protective order. *Id.*

On September 13, 2004, counsel for Defendants sent a letter to Ms. Huskey's last known address, by certified mail, containing the requisite notice of the pending disclosure. *See* September 13, 2004 Letter to Huskey (attached as Exhibit D). That letter was sent, by carbon copy, to Plaintiff's counsel. *Id.* Eventually, the letter was returned to counsel for Defendants with a stamp reflecting that delivery was "attempted/not known." *Id.* That same day, Defendants filed a proposed Protective Order with this Court. *See* September 13, 2004 Letter to Court (attached as Exhibit E). This Court executed the Protective Order on October 8, 2004 (attached as Exhibit F). With the Protective Order in place, Defendants produced all existing documents responsive to Plaintiff's Production Request No. 16 on October 21, 2004. *See* October 21, 2004 Letter (attached as Exhibit G). The CHRO Complaint, dated August 26, 1992, spells the complainant's name "Husky." *See* August

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

26, 1992 CHRO Complaint (attached as Exhibit H). This production fully discharged Defendants' entire obligation to respond to Plaintiff's discovery request related to Linda Huskey's CHRO Complaint against Defendant O'Connell.

In an Affidavit executed on April 3, 2006, Ms. Huskey represents that she moved to Wethersfield, CT in 1987. *See* Affidavit of Linda Huskey ("Husky Aff.") ¶ 22. Her first address in Wethersfield was at 122 Fairway Drive. *Id.* Since moving to Wethersfield in 1987, she has moved twice, but remains in Wethersfield. *Id.* ¶¶ 23-24. Ms. Huskey states that her name "has been listed in the Greater Hartford phone book under Michael Huskey, my husband, since 1979." *Id.* ¶ 24. Therefore, Ms. Huskey's own name has not been listed in the public telephone directory since 1979. *Id.*

## LEGAL STANDARD

Courts in this jurisdiction will not disturb a final order pursuant to Rule 60(b)(3) unless the moving party shows, by *clear and convincing evidence*, that: (1) the adverse party engaged in fraud, misrepresentation, or other misconduct; and (2) the alleged fraudulent conduct *substantially interfered* with the movant's ability to fully and fairly present her case. *See Anderson v. Cryovac Inc.*, 862 F.2d 910, 923-25 (1st Cir. 1988); *Catskill Dev. LLC v. Park Place Ent. Corp.*, 286 F. Supp. 2d 309, 312 (S.D. N.Y. 2003);

*Gonzalez v. Gannett Sattelite Info. Network, Inc.*, 903 F. Supp. 329, 332 (N.D. N.Y. 1995). The moving party bears the burden of meeting both parts of this test. *See See Catskill Dev. LLC*, 286 F. Supp. 2d at 312.

## DISCUSSION

I.  **PLAINTIFF ONCE AGAIN FAILS TO DEMONSTRATE BY CLEAR AND CONVINCING EVIDENCE THAT DEFENDANTS ENGAGED IN ANY FRAUD, MISREPRESENTATION, OR MISCONDUCT**

Plaintiff's Reply Brief argues that Defendants' inability to notify Ms. Huskey regarding the pending disclosure of her educational records to Plaintiff constitutes evidence of fraud. *See* Reply at 7. Plaintiff attaches Ms. Huskey's affidavit, which states that she has lived in Wethersfield since 1987, and that her name "has been listed in the Greater Hartford phone book under Michael Huskey, my husband, since 1979." Husky Aff. ¶ 24. Plaintiff concludes her brief by darkly suggesting that "Defendants could have found Ms. Huskey if they had exercised due diligence but they did not want to find Ms. Huskey." *Id.* at 8. Thus, Plaintiff falsely implies to this Court that Defendants were obligated to find Ms. Huskey, and that they intentionally neglected to do so. These allegations, however, are false and misleading.[1]

---

[1] Plaintiff also complains that Defendants "have not provided Plaintiff with Ms. DeGourville's name,

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

### A. Defendants Fully Satisfied Their Obligation to Produce Documents Related to Plaintiff's Request for Production of Complaints of Discrimination Against Defendant O'Connell

Contrary to Plaintiff's suggestion, Defendants were not under any discovery obligation to find Ms. Huskey. Instead, Defendants were obligated to produce copies of all documents related to complaints of racial discrimination against Defendant O'Connell, including Ms. Huskey's CHRO Complaint, pursuant to Plaintiff's discovery request. Once the Protective Order was entered by this Court, Defendants supplied those documents to Plaintiff. Thus, Defendants fully discharged their discovery obligations to Plaintiff.

### B. Defendants Made Reasonable Efforts to Contact Ms. Huskey

Similarly, Defendants satisfied their obligation under FERPA to make a "reasonable effort" to notify Ms. Huskey prior to disclosing any part of her educational records. *See* 34 C.F.R. § 99.31(a)(9). On September 13, 2004, Defendants notified Ms. Huskey of the pending disclosure by certified mail sent to her last known address. In addition, Defendants kept Plaintiff's counsel fully informed of their efforts to contact Ms. Huskey. For instance, the September 13, 2004 letter to Ms. Huskey indicates that a carbon copy was sent to

---

address, and other identifying information as requested by the Plaintiff in her request for interrogatories." Reply Brief at 6. Again, not true. Defendants produced the personnel file of DeGourville on October 31, 2003. Several of the documents produced include Ms. DeGourville's current contact information, as evidenced by Doc. No. HH 337 (attached as Exhibit I).

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

Plaintiff's counsel. However, Plaintiff's counsel did not complain about the effort made by Defendants to contact Ms. Huskey. Nor could she. By any objective standard, Defendants made a reasonable effort to contact Ms. Huskey.

Moreover, Defendants' effort to contact Ms. Huskey was hindered by two circumstances. First, Gregg P. Goumas, Esq., the counsel for Defendants who attempted to communicate with Ms. Huskey (but is no longer employed by Shipman & Goodwin, LLP and is no longer associated with this case), may have been confused by inconsistencies in the spelling of Ms. Huskey's name in relevant legal documents. Such inconsistencies may have led Attorney Goumas to look up a name for which no address was listed. Although her April 2, 2006 Affidavit spells her name "Linda Huskey," she spells her name "Husky" in the CHRO Complaint. This is not a single typographical error; her signed and sworn Affidavit states in the first line that "[m]y name is Linda Husky." *See* CHRO Complaint. Indeed, on page two of the Complaint, her name is handwritten "Linda Husky," and the signature appears to spell her last name the same way. *See id.*

This discrepancy may account for the trouble Defendants encountered in tracking down Ms. Huskey. The September 13, 2004 letter was addressed to "Linda Husky," and her name was spelled "Husky" on the envelope containing the certified letter. *See* Exhibit

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

J. If Attorney Goumas was attempting to use the spelling of Ms. Huskey's name as reflected in the CHRO Complaint, it may explain why he would not have been able to locate Ms. Huskey's then-current address.

<u>Second</u>, contrary to Plaintiff's suggestion, Ms. Huskey's current address was not readily accessible. Indeed, according to her own affidavit, her name has not been listed in the White Pages since 1979. Moreover, the United States Postal Service's stamp on the letter returned to Defendants' counsel reflects that Ms. Huskey's address is "unknown." Therefore, it appears that the United States Postal Service could not readily locate Ms. Huskey's current address. In light of these facts and circumstances, any suggestion that the Defendants' failure to locate Ms. Huskey constitutes evidence of fraud is, at best, bizarre. At worst, Plaintiff's suggestion is a deliberate effort to mislead this Court.

II. **PLAINTIFF ONCE AGAIN FAILS TO SHOW THAT ANY ALLEGED FRAUDULENT CONDUCT SUBSTANTIALLY INTERFERED WITH HER ABILITY TO FULLY AND FAIRLY PRESENT HER CASE**

Even assuming, *arguendo*, that Plaintiff could meet her heavy burden to show that Defendants' counsel engaged in fraudulent conduct, *she does not even attempt to demonstrate that she was harmed by any such alleged conduct*. Indeed, it is virtually impossible even to imagine any way in which Defendants' alleged conduct prejudiced her

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

case. As noted, Defendants fully satisfied Plaintiff's request for production of documents pursuant to Request No. 16. Moreover, Defendants' inability to find Ms. Huskey's then-current address certainly did not impair Plaintiff's ability to track her down, since Plaintiff was obviously able to do so in connection with her Reply. Hence, no prejudice.

To look at the same issue from a different perspective, it is also difficult to imagine any way in which Defendants would gain any advantage by intentionally failing to locate Ms. Huskey. For example, Defendants could not block production of the CHRO Complaint by intentionally failing to locate Ms. Huskey, since FERPA allows for production of educational records pursuant to a protective order. In fact, the only way disclosure could possibly be blocked pursuant to FERPA *would be to contact Ms. Huskey so that she could object to its production*.

Moreover, the record is clear that Defendants intended to produce the CHRO Complaint whether they located Ms. Huskey or not. Defendants filed a proposed, stipulated protective order with this Court on September 13, 2004—the same day on which they mailed the certified letter—that allowed Defendants to produce the CHRO Complaint whether or not they located Ms. Huskey. Therefore, Defendants could not have gained any unfair advantage by allegedly failing to contact Ms. Huskey.

11

### III. PLAINTIFF'S "EVIDENCE" IS NOT "NEWLY-DISCOVERED," AND THEREFORE DOES NOT PROVIDE ANY BASIS FOR THIS COURT TO GRANT PLAINTIFF'S MOTION FOR RELIEF PURSUANT TO RULE 60

Plaintiff's reply brief presents her argument under the caption "Newly Discovered Evidence." However, none of the "evidence" presented in Plaintiff's Reply Brief is "Newly Discovered" pursuant to Rule 60(b)(2), which defines that term as "evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," *i.e.* ten days. Indeed, Defendants' certified mail to Ms. Huskey was returned to sender in September 2004, and Plaintiff was notified of this result. Therefore, Plaintiff learned that the Defendants did not have Ms. Huskey's current address, and that their certified mail did not reach Ms. Huskey, more than 20 months ago. For this reason, even if they were somehow relevant, none of Plaintiff's allegations serve as a basis for this Court to disturb its September 29, 2005 Order pursuant to Rule 60(b)(2).

### IV. THIS COURT SHOULD ORDER PLAINTIFF TO REIMBURSE DEFENDANTS FOR THEIR COSTS IN RESPONDING TO HER BASELESS MOTION TO REOPEN THIS COURT'S SEPTEMBER 29, 2005 ORDER AND EQUALLY BASELESS REPLY BRIEF

As noted, Plaintiff's December 30, 2005 Motion for leave to reopen this Courts' September 29, 2005 Order did not produce even a scintilla of evidence in support of her serious allegation that Defendants' counsel committed fraud. This failure was particularly

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

troubling, in light of the fact that this Court granted Plaintiff one full month to take additional discovery related to any additional discovery produced by Defendants between November 21, 2005 and December 2, 2005.[2] Adding insult to injury, Plaintiff even failed to conduct any inquiry into the legal basis for her motion. As Defendants pointed out in their Opposition to Plaintiff's motion:

- Plaintiff's motion and memorandum do not cite to a single case;

- Plaintiff's motion and memorandum do not identify the standard that she is required to meet in order to qualify for relief pursuant to Rule 60(b)(3); and

- Plaintiff's motion and memorandum do not even attempt to argue that she has satisfied that standard.

Plaintiff's conduct in filing her initial motion stands in sharp contrast to the clear command of Rule 11(b)(3), which requires attorneys to ensure that the allegations and other factual contentions in written motions filed in federal court have evidentiary support. This Court has written that Rule 11 "imposes upon attorneys an affirmative duty of pre-filing inquiry

---

[2] Plaintiff's response to Defendants' charge that she was delinquent in failing to take discovery during this period is as follows: "The discovery period was imposed to conduct depositions concerning the documents. Plaintiff has the documents. The Plaintiff does not need to conduct a deposition to learn that the Defendants really searched for the documents when the summary judgment was not granted in its entirety as they anticipated." Reply at 8. Defendants will leave it to the Court to interpret Plaintiff's curious argument.

SHIPMAN & GOODWIN® LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

into the facts and the law." *Stone v. BBS Automotive Group, Inc.*, Civ. No. 3:04CV985(HBF), 2006 U.S. Dist. Lexis 3442, at *5-6 (D. Conn. Jan. 17, 2006).

On April 13, 2006—more than 100 days after filing her original Motion—Plaintiff served her Reply Brief on Defendants, in which she purports to identify "Newly Discovered Evidence" relating to the fraud and misconduct of Defendants' counsel. However, as Gertrude Stein famously remarked about Oakland, California (her home town), "there is no there there." *See* Columbia World of Quotations (1996) (attached as Exhibit K). As discussed *infra*, there is absolutely no substance to any of Plaintiff's allegations of fraud or misconduct on the part of Defendants' counsel. Finally, even assuming, *arguendo*, that Plaintiff was unable to unearth some shred of evidence in her Reply Brief to support her serious charges, it would still be too late to satisfy her affirmative obligation under Rule 11 to make a *pre-filing inquiry into the facts and the law*. *See Stone*, 2006 U.S. Dist. Lexis 3442, at *5-6.

Worse yet, Plaintiff's Reply Brief is intentionally misleading. In order to support her false theory that counsel for Defendants somehow defrauded or misled this Court, her brief selectively reports facts and omits critical context. For instance, she falsely implies that Defendants were under a discovery obligation to locate Ms. Huskey, when this is just

not so. She also falsely suggests that Defendants had some kind of sinister, ulterior motive for their actions. She writes, Defendants "could have found Ms. Huskey . . . but they did not want to find Ms. Huskey." Reply Brief at 8. But what is the basis for Plaintiff's suggestion? To put the question another way, what possible reason would there have been for Defendants to avoid finding Ms. Huskey? Plaintiff does not bother to say. Instead, her brief leaves the Court with an absolutely false picture that is created only by distortion and omission.

Defendants have incurred significant expense in responding to Plaintiff's baseless charges. Substantial time was required to research the correct standards of law, to interpret the vague and confusing language of Plaintiff's briefs, and to respond point-by-point to all of her unfounded charges. Plaintiff should be aware that accusing a member of the Connecticut Bar of fraud or misconduct before a tribunal is a very serious matter, punishable not only by sanctions in the instant case, but by disciplinary action. *See* Conn. R. Prof. Conduct 8.4 ("[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation.") Plaintiff should not be surprised, therefore, that counsel for Defendants would spare no expense in responding to her serious accusations, however baseless. It would be unfair to burden Defendants with

15

this substantial cost. Accordingly, Defendants request that this Court enter an order awarding costs and attorneys' fees incurred in responding to Plaintiff's motion for relief pursuant to Rule 60, as well as her Reply Brief. *See* Fed. R. Civ. P. 11(c)(1)(B) (court may initiate Rule 11 proceedings on its own initiative); *Kempner v. Oppenheimer & Co.*, 662 F. Supp. 1271, 1283 (S.D. N.Y. 1987) ("the court has the power to impose sanctions and award attorneys' fees *sua sponte* . . ..")

**SHIPMAN & GOODWIN®** LLP • *COUNSELORS AT LAW*
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103-1919 • (860) 251-5000 • FAX (860) 251-5099 • JURIS NO. 57385

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request that this Court deny Plaintiff's motion for relief from judgment. In addition, Defendants respectfully request that this Court order Plaintiff to absorb all costs and attorneys' fees incurred in responding to Plaintiff's motion for relief pursuant to Rule 60, as well as her Reply Brief.

DEFENDANTS,
HARTFORD HOSPITAL, GLADYS
CIASCHINI, SUSAN O'CONNELL, AND
SANDRA NILES

By  *Ben Walker*
Brenda A. Eckert (ct00021)
Beckert@goodwin.com
Benjamin M. Wattenmaker (ct26923)
Bwattenmaker@goodwin.com
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919
Telephone: (860) 251-5000
Facsimile: (860) 251-5216

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing Defendants' Sur-Reply to Plaintiff's Motion for Relief from Judgment or Order was mailed, via U.S. mail, postage prepaid, on this 12th day of May, 2006, to:

Attorney Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT  06790-5239

                                                 _____
                                                 Benjamin M. Wattenmaker

434955 v.01

SHIPMAN & GOODWIN® LLP  •  COUNSELORS AT LAW
ONE CONSTITUTION PLAZA  •  HARTFORD, CONNECTICUT  06103-1919  •  (860) 251-5000  •  FAX (860) 251-5099  •  JURIS NO. 57385