A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SARAIYA SOLOMON,                    :

      Plaintiff,                    :        CASE NO. 3:02CV1116(GLG)

                            :

V.                                 :

HARTFORD HOSPITAL, et al.,          :

      Defendants.                   :        MARCH 28, 2003

### PLAINTIFF'S FIRST REQUEST
### FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Saraiya Solomon

hereby serves the following First Request for Production of Documents on Defendants Hartford

Hospital, Susan A. O'Connell, Gladys Ciaschini, and Sandra Niles. Said documents shall be

produced within thirty (30) days, on or before April 28, 2003, at the Law Office of Rachel M.

Baird, 379 Prospect Street, Torrington, Connecticut, 06790, or at such other place as agreed by

counsel.

### DEFINITIONS

In addition to the definitions incorporated herein by D.Conn. L. Civ. R. 26(c)-(d), the

following definitions and instructions apply:

1.      Wherever the term "document" is used herein, it shall include, without limitation,

all written or graphic communications and all written or graphic matter of any kind and

description however produced or reproduced, whether draft or final, original or reproduction,

internal or otherwise, including, but not limited to: letters; correspondence; memoranda (internal

or otherwise); facsimiles; minutes; notes (whether typed, recorded, or handwritten); films;

recordings of any type; transcripts; contracts; memoranda of telephone conversations, personal conversations, or meetings; diaries; desk calendars; telegrams; circulars; pamphlets; manuals; statements; notices; reports; telexes; delivery tickets; order forms; purchase orders; interoffice or intraoffice communications; reports; studies; books or records of accounts; bank account records; checks; bank drafts; invoices; requisitions; microfilms; movies; slides; photographs; data stored in any computer media; computer runs or printouts; tabulations; charts; guides; outlines; summaries; abstracts; plans; drawings; specifications; blueprints; graphs; studies; drafts and/or non-identical copies of any or more of the foregoing material similar to the foregoing, however denominated and by whomever prepared and to whomever addressed.

2.    Whenever the phrase "relate to," "relates to," "related to," or "relating to" is used herein, it shall mean: "concerning," "regarding," "consist of," "refer to," "reflect on," "arise out of" and/or be in any way or manner legally, factually, or logically connected with the matter discussed.

3.    The words "and" and "or" and the term "and/or" shall be construed conjunctively or disjunctively as is necessary to make the request for production inclusive rather than exclusive.

4.    The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the specification all documents which might otherwise be construed to be outside its scope.

5.    "Plaintiff" refers to Saraiya Solomon and/or her counsel, agents, employees, representatives, or other persons working on her behalf.

6.    "Defendants" means Hartford Hospital, Susan A. O'Connell, Gladys Ciaschini, and Sandra Niles, jointly and severally, and shall include their agents, attorneys, and

2

representatives.

7.    "Defendant Hartford Hospital" means Hartford Hospital and shall include its directors, officers, employees, agents and attorneys.

8.    "Defendant O'Connell" means Susan A. O'Connell and shall include any of Susan A. O'Connell's agents, attorneys, and representatives.

9.    "Defendant Ciaschini" means Gladys Ciaschini and shall include any of Gladys Ciaschini's agents, attorneys, and representatives.

10.    "Defendant Niles" means Sandra Niles and shall include any of Sandra Niles' agents, attorneys, and representatives.

11.    "Person" includes natural persons, corporations, or any other incorporated or unincorporated business or social entity.

## INSTRUCTIONS

1.    Plaintiff's First Request for Production of Documents is for documents in the possession, custody, or control of Defendants, and/or, as applicable, any of their directors, officers, employees, agents and attorneys.

2.    For each document requested herein that is sought to be withheld under a claim of privilege, provide a statement that sets forth the following information:

    a.    The privilege or privileges asserted;

    b.    the place, approximate time, and manner of recording or otherwise preparing the document;

    c.    the name and title of the sender and the name and title of the recipient of the document;

    d.    the name and title of each person or persons (other than stenographic or clerical

3

assistants) participating in the preparation of the document;

e.  the name and corporate position, if any, of each person to whom the contents of the document has heretofore been communicated by copy, exhibition, reading, or substantial summarization;

f.  a statement of the basis on which the privilege is claimed, the subject matter of the document, and whether or not the contents of the document are limited to communications made in confidence for the purpose of obtaining legal advice; and

g.  the identity and corporate position, if any, of the person or persons supplying the information requested in subparts (a) through (e) above.

9.    Documents produced pursuant to Plaintiff's First Request for Production of Documents shall be separately produced for each paragraph therein or, in the alternative, shall be identified as complying with a particular paragraph or paragraphs of the request to which they are responsive.

10.    If there are no documents in your possession, custody or control that are responsive to a particular request, so state in response to such request.

11.    If there are no documents in your possession, custody or control that are responsive to a particular request because they have been destroyed, disposed of, and/or placed in the custody, possession, and/or control of a person who is not a Defendant to the instant action, so state in response to such request.

12.    A request for a "file" or "records" shall include all documents related to the file or record's designation, wherever such documents are located, whether in one physical location to more.

13. The following requests for documents are continuing. In the event any documents or materials come to your attention or are in the Defendants' possession, custody, or control after the filing of your responses hereto, which documents or materials are within the scope of any request for production herein, said additional documents or materials shall be furnished to the Plaintiff's counsel immediately.

## DOCUMENT REQUESTS

1. Produce copies of any and all documents related to Plaintiff's employment at Defendant Hartford Hospital, including, but not limited to, those documents contained in a personnel file and those documents contained in payroll file.

2. Produce copies of any and all documents related to Plaintiff's compensation while employed at Defendant Hartford Hospital including, but not limited to pay, wages, salary, and/or bonuses.

3. Produce copies of any and all documents related to Plaintiff's record of attendance while employed at Defendant Hartford Hospital, including, but not limited to, vacation, sick-time, and suspension (paid and unpaid).

4. Produce copies of any and all internal memoranda related to Plaintiff.

5. Produce copies of any and all correspondence between Plaintiff and Defendants.

6. Produce copies of any and all documents related to Defendant O'Connell's

between August 9, 1997, and December 1, 2001.

14.     Produce all employee hiring, transfer, and promotion agreements entered into and/or active among Hartford Hospital, the Connecticut Children's Medical Hospital, and the University of Connecticut Medical Center UCONN between August 9, 1997, and December 1, 2001.

15.     Produce copies of any and all documents related to complaints of racial discrimination (other than the instant action) against Defendant Hartford Hospital, including, but not limited to, identify of employee making complaint, identity of person against whom complaint was made, and resolution of complaint.

16.     Produce copies of any and all documents related to complaints and allegations of discrimination (other than the instant action) against Defendant O'Connell, including, but not limited to, lawsuits, claims, administrative charges, and grievances.

17.     Produce copies of any and all documents related to complaints and allegations of discrimination (other than the instant action) against Defendant Ciaschini, including, but not limited to, lawsuits, claims, administrative charges, and grievances.

18.     Produce copies of any and all documents related to complaints and allegations of discrimination (other than the instant action) against Defendant Niles, including, but not limited to, lawsuits, claims, administrative charges, and grievances.

in the year 2000 with the last name of Carpanzano.

94.     Produce copies of any and all documents compiling information related to the

race, color, and national origin of persons employed by Defendant Hartford Hospital from

August 1999 through December 2001.


PLAINTIFF
SARAIYA SOLOMON

BY:     _Rachel m Rl_____
Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT 06790-5239
Tel: (860) 626-9991
Fax: (860) 626-9992

*Attorney for Plaintiff*


## CERTIFICATION

I HEREBY CERTIFY THAT the foregoing Plaintiff's First Request for Production of

Documents was hand-delivered on March 28, 2003, to the following counsel of record:

Sharon Sloan Koziol
Shipman & Goodwin LLP
1 American Row
Hartford CT 06103-2819


_Rachel m Rl_____
Rachel M. Baird

B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAIYA SOLOMON                    :        CASE NO. 302CV1116 GLG
                                   :
        Plaintiff,                 :
    v.                             :
                                   :
HARTFORD HOSPITAL;                 :
GLADYS CIASCHINI, as an agent      :
of HARTFORD HOSPITAL and           :
Individually; SUSAN A. O'CONNELL,  :
as an agent of HARTFORD HOSPITAL   :
and individually; and SANDRA NILES,:
as a de facto agent of             :
HARTFORD HOSPITAL and individually :
                                   :
        Defendants.                :        May 28, 2003

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.    Produce copies of any and all documents related to Plaintiff's employment at

Defendant Hartford Hospital, including, but not limited to, those documents contained in

a personnel file and those documents contained in payroll file.

## OBJECTION

Defendants object to this request on the grounds that the phrase "any and all

documents related to Plaintiff's employment" is so vague and overly broad that it is

impossible to determine the exact scope of the request.  It also is unduly burdensome and

oppressive as it could encompass literally every document that the Plaintiff ever read,

Hospital's Response to Plaintiff's CHRO Complaint at Exhibit No. 34 (Policy No. 603 -
Connecticut Health Systems Transferability).

15.    Produce copies of any and all documents related to complaints of racial
discrimination (other than the instant action) against Defendant Hartford Hospital,
including, but not limited to, identify [sic] of employee making complaint, identity of
person against whom complaint was made, and resolution of complaint.

**OBJECTION**

Defendants object to this request on the grounds that the phrase "any and all
documents related to complaints of racial discrimination" is so vague and overly broad
that it is impossible to determine the exact scope of the documents requested.  This
request also is overly broad, unduly burdensome and is not reasonably calculated to lead
to the discovery of admissible evidence in that: it is unlimited in scope of time and is not
restricted to complaints of racial discrimination made against the individual Defendants in
this action while they were employed at Defendant Hartford Hospital.  As formulated,
the present request is a Hospital-wide "fishing expedition" as it seeks totally inadmissible
information about complaints of race discrimination involving Hospital personnel other
than the individual Defendants in this action.  This request also seeks information
protected by applicable Connecticut law on privacy and/or the Connecticut Personnel
Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.*  Defendants also object to this request to
the extent that it seeks the production of documents that are protected by the attorney-
client privilege and attorney work product doctrine.

**RESPONSE**

Subject to and without waiving the foregoing objections, there have been no

complaints of race discrimination against Sandra Niles and Gladys Ciaschini at any time.

Defendant O'Connell has only been previously named as a respondent to a complaint of

race discrimination filed at the Connecticut Commission on Human Rights and

Opportunities by Linda Huskey in or about 1989 to 1992.   Defendant O'Connell is not

in possession of any documents concerning the complaint.  Defendant Hospital is

attempting to determine whether it is in possession of any documents relating to the

complaint against Defendant O'Connell.  If the Hospital is in possession of such

documents they will be made available for inspection and copying at the office of

Shipman & Goodwin LLP at a mutually convenient date and time.


16.    Produce copies of any and all documents related to complaint and allegations of

discrimination (other than the instant action) against Defendant O'Connell, including, but

not limited to, lawsuits, claims, administrative charges and grievances.

**OBJECTION**

Defendants object to this request on the grounds that the phrase "any and all

documents related to complaints and allegations of discrimination" is so vague and overly

broad that it is impossible to determine the exact scope of the documents requested.  This

request also is overly broad, unduly burdensome and is not reasonably calculated to lead

to the discovery of admissible evidence in that it is unlimited in scope of time and is not

restricted to complaints of race discrimination against Defendant O'Connell during her

employment at Defendant Hartford Hospital. Defendants also object to this request to the extent that it seeks information protected by applicable Connecticut law on privacy and/or the Connecticut Personnel Files Act, Conn. Gen. Stat. §§ 31-128f *et seq.* Defendants also object to this request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and attorney work product doctrine.

**RESPONSE**

Defendant O'Connell has only been previously named as a respondent to a complaint of race discrimination filed at the Connecticut Commission on Human Rights and Opportunities by Linda Huskey in or about 1989 to 1992. Defendant O'Connell is not in possession of any documents concerning the complaint. Defendant Hospital is attempting to determine whether it is in possession of any documents relating to the complaint against Defendant O'Connell. If the Hospital is in possession of such documents they will be made available for inspection and copying at the office of Shipman & Goodwin LLP at a mutually convenient date and time.


17.    Produce copies of any and all documents related to complaint and allegations of discrimination (other than the instant action) against Defendant Ciaschini, including, but not limited to, lawsuits, claims, administrative charges and grievances.

**OBJECTION**

Defendants object to this request on the grounds that the phrase "any and all documents related to complaints and allegations of discrimination" is so vague and overly

DEFENDANTS,
HARTFORD HOSPITAL, GLADYS
CIASCHINI, SUSAN O'CONNELL,
AND SANDRA NILES

By _____

Brenda A. Eckert
Federal Bar No. ct00021
Beckert@goodwin.com
Gregg Goumas
Federal Bar No. ct19095
Ggoumas@goodwin.com
For Shipman & Goodwin LLP
One American Row
Hartford, CT  06103-2819
(860) 251-5000

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Responses to Plaintiff's

First Request for Production of Documents was mailed, via U.S. mail, postage prepaid,

on this 28th day of May, 2003, to:

Rachel M. Baird, Esq.
Law Office of Rachel M. Baird
379 Prospect Street
Torrington CT  06790-5239

Gregory P. Goumas

344570 v.01 S1

-98-