C

# Shipman &
# Goodwin LLP
COUNSELORS AT LAW

One American Row
Hartford, Connecticut 06103-2819
Phone: (860) 251-5000

Gregg P. Goumas
Phone: (860) 251-5521
Fax: (860) 251-5599
ggoumas@goodwin.com

March 18, 2004

Attorney Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington, CT 06790

Re:  Solomon v. Hartford Hospital, et al.

Dear Rachel:

I am writing in response to your letter dated February 19, 2004 regarding plaintiff's discovery requests in the above matter. I will address each of the issues raised in your letter below:

## I.    Defendants' Objections and Responses to Plaintiff's First Set of Production Requests (May 28, 2003):

Request No. 4:

Plaintiff requests "any and all internal memoranda related to plaintiff." The named defendants have produced any and all internal memoranda relating to the plaintiff of which they are aware. In your letter, you make no effort to narrow the scope of this broad request. As stated in the Hospital's objection, as written, this request would require defendants to canvass the entire hospital for responsive documents. The federal rules do not impose such a burden.

Request No. 8:

Regardless of whether Defendant Niles' personnel file contains a copy of plaintiff's complaint against Ms. Niles, plaintiff is in possession of such document because she drafted it. It was also attached as Exhibit 48 to the Hospital's Response at the CHRO.

Hartford                 Stamford                 Lakeville                 Greenwich

Attorney Rachel M. Baird
March 18, 2004
Page 2

Request Nos. 15 & 16:

The Hospital indicated that it would produce copies of any complaints of race
discrimination against any of the defendants. Upon further research, we determined that
there was one responsive complaint made by Linda Huskey against Defendant O'Connell
dating back to the late 80's or early 90's. Ms. O'Connell does not have a copy of the
complaint. As an initial matter, the complaint is so remote in time, that it is not
reasonably calculated to lead to the discovery of admissible evidence. Nonetheless, upon
further inquiry, we believe that a copy of Ms. Huskey's CHRO Complaint may be in her
educational file in the School of Allied Health. As such, it is an educational record
protected from disclosure under the Federal Educational Rights and Privacy Act
("FERPA"), 29 U.S.C. § 1232(g). The only way that the Hospital can disclose such
documents is with the prior written consent of Ms. Huskey, or pursuant to a court order
or subpoena, neither of which is present in this situation. Even before complying with
such an order or subpoena, the Hospital would have an obligation to attempt to notify
Ms. Huskey of the order or subpoena to give her an opportunity to contest it.

Request Nos. 19-25:

In these overbroad Requests, plaintiff seeks all documents relating to allegations of
various types of wrongdoing made against any Hospital employee since the beginning of
time. Further, these requests are not limited to employees reporting to Defendant
O'Connell. Documents relating to allegations of wrongdoing by employees not reporting
to Defendant O'Connell have absolutely no bearing on this litigation, nor are they
reasonably calculated to lead to the discovery of admissible evidence. As discussed in
our objection, the Hospital would be required to reviews *thousands* of personnel files in
order to comply with this Request. It is overly broad and unduly burdensome. We stand
by our objection.

Request Nos. 26-29:

As stated in the Hospital's response, the documents sought by the plaintiff do not exist.
We produced an organizational chart identifying the Hospital's executive structure,
which was the only document in the Hospital's possession that was even remotely
responsive to plaintiff's request.

Request No. 80:

In this Request Plaintiff seeks documents related to any of Defendants O'Connell's
relatives employed by Hartford Hospital. As discussed in the Hospital's objection, it
does not believe that this Request is reasonably calculated to lead to the discovery of

Attorney Rachel M. Baird
March 18, 2004
Page 3

admissible evidence. Nevertheless, as you know Susan O'Connell's husband, Robert O'Connell, is also employed by the Hospital. I have personally reviewed Mr. O'Connell's personnel file and am providing the only document referencing Susan O'Connell (other than documents listing her as an emergency contact). With respect to Susan O'Connell's daughter, Tricia O'Connell, you are aware that she was enrolled in the School of Allied Health. From August 29, 2000 to August 25, 2001, Tricia was employed by the Hospital as a Job Bank Student. This position was available to <u>all</u> students enrolled in the School of Allied Health. Thus, Ms. O'Connell exerted no "influence" in helping Tricia secure this position.

<u>Request No. 81:</u>

Documents relating to Defendant O'Connell's daughter's enrollment in the School of Allied Health are educational records. As such, they are protected from disclosure under FERPA. <u>See</u> Responses 15 & 16, supra. The Hospital stands by its objection.

<u>Request Nos. 84 & 85:</u>

These Requests seek documents relating to the Hospital's preference or requirement that an applicant speak both English & Spanish. The Hospital has produced the job postings for any job applied for by plaintiff containing a bi-lingual requirement. However, plaintiff seeks job postings for positions having bi-lingual requirements for which she did not apply. If plaintiff did not apply for the position in question, there is no way that any job posting relating to such position could be reasonably calculated to lead to the discovery of admissible evidence.

**II.    Responses to First Set of Requests for Admission (September 19, 2003)**

<u>Request Nos. 27-29, inclusive</u>

<u>See</u> Supplemental Responses.

<u>Request Nos. 31-32, 34, inclusive</u>

The Defendants have complied with the requirements of Federal Rule of Civil Procedure 36. Rule 36 places no obligation upon defendants to describe with specificity the efforts made.

<u>Request No. 36</u>

<u>See</u> Supplemental Responses.

Attorney Rachel M. Baird
March 18, 2004
Page 4

Request Nos. 39-46, 55-62, 71-80, inclusive:

Here, as in RFP nos. 19-25 above, plaintiff is seeking information regarding disciplinary action by decision-makers other than the decision-makers in the present case. As such, these Requests are tremendously over-broad and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, these requests are unduly burdensome because in order to respond the Hospital would be required to review thousands of personnel files. The Hospital stands by its objections.

Request Nos. 145, 149, 153:

See Supplemental Responses.

Request No. 180:

The Defendants have complied with the requirements of Federal Rule of Civil Procedure 36. Rule 36 places no obligation upon defendants to describe with specificity the efforts made.

Request No. 184:

See Supplemental Responses.

## III.    Responses to Plaintiff's Second Request for Production (October 31, 2003)

Request No. 98

As discussed above with respect to RFP 15 & 16, Linda Huskey was enrolled in the School of Allied Health. To the best of the Hospital's knowledge, she was never a Hospital employee. As such, she does not have a personnel file.

Request No. 101:

Mr. Rice's only involvement in this action is plaintiff's allegation that Mr. Rice told her that he had received positive feedback from Hartford Hospital Vice-President John Lylis regarding plaintiff's job performance. Plaintiff cannot demonstrate why this would justify the invasion of Mr. Rice's privacy through the production of his personnel file.

Request No. 102:

Attorney Rachel M. Baird
March 18, 2004
Page 5

Plaintiff seeks records pertaining to Susan O'Connell's daughter's admission into the School of Allied Health.  As discussed above, these documents are educational records protected under FERPA and cannot be disclosed without a court order and/or subpoena.

Request No. 103:

Plaintiff seeks Robert O'Connell's Hospital personnel file.  See Response to Request No. 80, above.

Request No. 104:

Plaintiff seeks the personnel file of any relative of Susan O'Connell employed by the Hospital.  See Request No. 80, above.

**IV.    Responses to Plaintiff's Second Set of Request for Admission (October 31, 2003):**

Request Nos. 212-214

See Supplemental Responses.

Request Nos. 217-223, 232-239:

Here, as in RFP nos. 19-25, and Request for Admission Nos. 39-46, 55-62, 71-80, above, plaintiff is seeking information regarding disciplinary action by decision-makers other than the decision-makers in the present case.  As such, these Requests are tremendously over-broad and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, these requests are unduly burdensome because in order to respond the Hospital would be required to review thousands of personnel files.  The Hospital stands by its objections.

Request Nos. 224-31.

The Hospital previously responded to these requests.

Attorney Rachel M. Baird
March 18, 2004
Page 6


Sincerely,

Gregg P. Goumas

Enclosures

366512 v.01 S1

D

# Shipman & Goodwin LLP®
### COUNSELORS AT LAW

One Constitution Plaza
Hartford, Connecticut  06103-1919
Phone: (860) 251-5000

Gregg P. Goumas
Phone: (860) 251-5521
Fax:  (860) 251-5214
ggoumas@goodwin.com

September 13, 2004

**VIA REGULAR AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Linda Husky
122 Fairway Drive
Wethersfield, CT  06109

      Re:    <u>Solomon v. Hartford Hospital, et al.</u>
              Civil Action No. 3:02-cv-1116 (EBB)(WIG)

Dear Ms. Husky:

I represent Hartford Hospital (the "Hospital") along with several individual Hospital employees who have been named as defendants in the above referenced civil action which is now pending in the United States District Court for the District of Connecticut.

The Hospital's records indicate that you were previously enrolled as a student in the Hospital's School of Allied Health.  Through the discovery process, the plaintiff's attorney in the above lawsuit is seeking to obtain copies of any and all documents relating to the administrative charge of discrimination you filed against the Hospital with the Connecticut Commission on Human Rights and Opportunities in August 1992.

Because these documents only exist as part of your student records file, they may be subject to the Federal Educational Rights and Privacy Act ("FERPA").  Prior to producing the records, the Hospital has an obligation under the FERPA regulations to make reasonable efforts to advise you of the pending disclosure and give you an

Hartford          Stamford          Lakeville          Greenwich

Ms. Linda Husky
September 13, 2004
Page 2

opportunity to file an objection with the Court.  If you have any objection to the production of such documents, you (or your attorney) should within fourteen (14) days of your receipt of this letter file such objection with the Court as follows:

The Honorable William I. Garfinkel
United States Magistrate Judge
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

(Note: Please be certain to reference the case name and number).

You should also send copies of your objection to the following:

Attorney Rachel M. Baird
379 Prospect Street
Torrington CT  06790-5239

Gregg P. Goumas, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103

If you have any questions about the foregoing, please feel free to contact me directly at 251-5521.

Sincerely,

Gregg P. Goumas

cc:    The Honorable William I. Garfinkel
       Attorney Rachel M. Baird

377843 v.01 S2



▲ Shipman &
  Goodwin LLP®
  COUNSELORS AT LAW

One Constitution Plaza
Hartford, Connecticut 06103-1919

CERTIFIED MAIL

7002 0460 0005 1605 6990

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

RETURNED TO SENDER

REASON CHE...
☐ Unclaimed            Refused
☐ Attempted-Not Known
☐ Insufficient Address
☐ No such street          Number
☐ No such office in state
☐ Do not remail in this envelope

Ms. Linda Husky
122 Fairway Drive
Wethersfield, CT 06109

SOLOMON
FILE

G Brum 65

14

U.S. POSTAGE
$ 4.42
PB METER
7145363

HARTFORD
SEP 13 '04
CT