E

File

Shipman & Goodwin LLP®
COUNSELORS AT LAW

One Constitution Plaza
Hartford, Connecticut 06103-1919
Phone: (860) 251-5000

Gregg P. Goumas
Phone: (860) 251-5521
Fax: (860) 251-5214
ggoumas@goodwin.com

September 13, 2004

The Honorable William I. Garfinkel
United States District Court
915 Lafayette Blvd.
Bridgeport, CT 06604

Re: Solomon v. Hartford Hospital, et al.
Civil Action No. 3:02-cv-1116 (EBB)

Dear Judge Garfinkel:

You will recall that you recently provided counsel for the parties with your input on several outstanding discovery issues, one of which dealt with plaintiff's request that the Hospital produce documents relating to a CHRO Complaint filed by Linda Husky, a former student in the Hospital's School of Allied Health, in the early 1990's.

The Hospital objected to this Request on several bases, one of which was that the documents requested only exist as part of Ms. Husky's educational file and are, therefore, subject to the confidentiality provisions of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). In its comments on this issue, the Court indicated that the parties should draft an Order and submit it for the Court's signature. I have enclosed a draft Order that is acceptable to both parties. We have also enclosed a courtesy copy of a Motion to Amend the Stipulated Protective Order currently in place to also designate the requested documents as confidential.

Pursuant to the regulations under FERPA, the Hospital has concluded that even prior to disclosing these documents pursuant to the enclosed Order, it must make a reasonable effort to notify Ms. Husky of the request for documents. See 34 C.F.R. § 99.31(a)(9) (copy enclosed). To that end, counsel for the Hospital has sent Ms. Husky

notice at her last known address via certified mail return receipt requested advising her that she should file any objection with the Court within fourteen (14) days of receipt (see enclosed letter). As soon as counsel receives back the Certified Mail receipt, it will forward it to the Court. The parties ask that the Court enter the enclosed proposed Order along with the Amended Stipulated Protective Order after the expiration of the fourteen day period.

As you had suggested earlier, the parties have also submitted a revised Stipulated Scheduling Order governing the remainder of the case. If you have any questions about any of the foregoing please feel free to contact me at 860-251-5521.

Sincerely,

Gregg P. Goumas

cc: The Honorable Ellen Bree Burns
United States District Court
141 Church Street
New Haven, CT 06510
(with enclosures)

Attorney Rachel Baird
379 Prospect Street
Torrington CT 06790-5239
(with enclosures)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAIYA SOLOMON : Civil Action No.
: 3:02-cv-1116 (EBB)(WIG)
Plaintiff, :
v. :
:
HARTFORD HOSPITAL, et al. :
:
Defendants. :

**ORDER**

The plaintiff has requested that the defendant Hartford Hospital ("Hospital") produce through discovery copies of any and all documents related to a complaint of race discrimination against the Hospital by a particular former student in the Hospital's School of Allied Health. The Hospital has objected to the production of such documents on several bases, one of which is that such documents only exist as part of the former student's educational record and, therefore, are protected from disclosure pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and its corresponding regulations. See 34 C.F.R. §§ 99 et seq. The Hospital has made an effort to notify the former student at her last known address of the plaintiff's request for these records and to advise her of her right to file an objection to such production within fourteen (14) days of her receipt of the notice.

The Court has received no objection from the former student. Accordingly, the defendant Hospital is HEREBY ORDERED to produce the requested documents to the plaintiff. Such documents shall be treated by the parties as "Confidential" and shall

only be used and disclosed in accordance with the terms of the terms of the Amended Stipulated Protective Order that has been entered in this case.

____________________________________
The Honorable William I. Garfinkel
United States Magistrate Judge

Dated at Bridgeport this _____ day of September, 2004.




# Code of Federal Regulations

# 34

**Parts 1 to 299**

Revised as of July 1, 2003

## Education

ime after the agency or ...
ceives the request.
e educational agency or in...
cides not to amend the re...
ted, it shall inform the pa...
e student of its decision and...
er right to a hearing un...

: 20 U.S.C. 1232g(a)(2))

3, Apr. 11, 1988; 53 FR 19368, M...
amended at 61 FR 59296, Nov. ...

**nder what conditions does ...
t or eligible student have the...
to a hearing?**

educational agency or institu-
. give a parent or eligible stu-
request, an opportunity for a
o challenge the content of the
education records on the
that the information con-
the education records is inac-
isleading, or in violation of
y rights of the student.
, as a result of the hearing,
tional agency or institution
hat the information is inac-
isleading, or otherwise in vio-
the privacy rights of the stu-
all:
nd the record accordingly;

rm the parent or eligible stu-
e amendment in writing.
 a result of the hearing, the
al agency or institution de-
 the information in the edu-
ord is not inaccurate, mis-
r otherwise in violation of
y rights of the student, it
m the parent or eligible stu-
e right to place a statement
ord commenting on the con-
ormation in the record or
hy he or she disagrees with
on of the agency or institu-
th.
educational agency or insti-
ces a statement in the edu-
ords of a student under para-
) of this section, the agency
ion shall:
tain the statement with the
part of the record for as long
rd is maintained; and



...Disclose the statement whenever ...closes the portion of the record to ...the statement relates.

(Auth)ority: 20 U.S.C. 1232g(a)(2))

[53 F]R 11943, Apr. 11, 1988, as amended at 61 ...59296, Nov. 21, 1996]

**§99.22 What minimum requirements exist for the conduct of a hearing?**

The hearing required by §99.21 must ...l, at a minimum, the following re...rements:

(a) The educational agency or insti...tion shall hold the hearing within a ...sonable time after it has received ...e request for the hearing from the ...ent or eligible student.

(b) The educational agency or insti...tion shall give the parent or eligible ...dent notice of the date, time, and ...ace, reasonably in advance of the ...aring.

(c) The hearing may be conducted by ...y individual, including an official of ...e educational agency or institution, ...o does not have a direct interest in ...e outcome of the hearing.

(d) The educational agency or insti...tion shall give the parent or eligible ...dent a full and fair opportunity to ...esent evidence relevant to the issues ...ised under §99.21. The parent or eligi...le student may, at their own expense, ...e assisted or represented by one or ...ore individuals of his or her own choice, including an attorney.

(e) The educational agency or institution shall make its decision in writ...ing within a reasonable period of time after the hearing.

(f) The decision must be based solely on the evidence presented at the hearing, and must include a summary of the evidence and the reasons for the decision.

(Authority: 20 U.S.C. 1232g(a)(2))

## Subpart D—May an Educational Agency or Institution Disclose Personally Identifiable Information From Education Records?

**§99.30 Under what conditions is prior consent required to disclose information?**

(a) The parent or eligible student shall provide a signed and dated written consent before an educational agency or institution discloses personally identifiable information from the student's education records, except as provided in §99.31.

(b) The written consent must:

(1) Specify the records that may be disclosed;

(2) State the purpose of the disclosure; and

(3) Identify the party or class of parties to whom the disclosure may be made.

(c) When a disclosure is made under paragraph (a) of this section:

(1) If a parent or eligible student so requests, the educational agency or institution shall provide him or her with a copy of the records disclosed; and

(2) If the parent of a student who is not an eligible student so requests, the agency or institution shall provide the student with a copy of the records disclosed.

(Authority: 20 U.S.C. 1232g (b)(1) and (b)(2)(A))

[53 FR 11943, Apr. 11, 1988, as amended at 58 FR 3189, Jan. 7, 1993]

**§99.31 Under what conditions is prior consent not required to disclose information?**

(a) An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by §99.30 if the disclosure meets one or more of the following conditions:

(1) The disclosure is to other school officials, including teachers, within the agency or institution whom the agency or institution has determined to have legitimate educational interests.

(2) The disclosure is, subject to the requirements of §99.34, to officials of another school, school system, or institution of postsecondary education where the student seeks or intends to enroll.

(3) The disclosure is, subject to the requirements of §99.35, to authorized representatives of—

(i) The Comptroller General of the United States;

(ii) The Attorney General of the United States; or

(iii) The Secretary; or

(iv) State and local educational authorities.

(4)(i) The disclosure is in connection with financial aid for which the student has applied or which the student has received, if the information is necessary for such purposes as to:

(A) Determine eligibility for the aid;

(B) Determine the amount of the aid;

(C) Determine the conditions for the aid; or

(D) Enforce the terms and conditions of the aid.

(ii) As used in paragraph (a)(4)(i) of this section, *financial aid* means a payment of funds provided to an individual (or a payment in kind of tangible or intangible property to the individual) that is conditioned on the individual's attendance at an educational agency or institution.

(Authority: 20 U.S.C. 1232g(b)(1)(D))

(5)(i) The disclosure is to State and local officials or authorities to whom this information is specifically—

(A) Allowed to be reported or disclosed pursuant to State statute adopted before November 19, 1974, if the allowed reporting or disclosure concerns the juvenile justice system and the system's ability to effectively serve the student whose records are released; or

(B) Allowed to be reported or disclosed pursuant to State statute adopted after November 19, 1974, subject to the requirements of § 99.38.

(ii) Paragraph (a)(5)(i) of this section does not prevent a State from further limiting the number or type of State or local officials to whom disclosures may be made under that paragraph.

(6)(i) The disclosure is to organizations conducting studies for, or on behalf of, educational agencies or institutions to:

(A) Develop, validate, or administer predictive tests;

(B) Administer student aid programs; or

(C) Improve instruction.

(ii) The agency or institution may disclose information under paragraph (a)(6)(i) of this section only if:

(A) The study is conducted in a manner that does not permit personal identification of parents and students by individuals other than representatives of the organization; and

(B) The information is destroyed when no longer needed for the purposes for which the study was conducted.

(iii) If this Office determines that a third party outside the educational agency or institution to whom information is disclosed under this paragraph (a)(6) violates paragraph (a)(6)(ii)(B) of this section, the educational agency or institution may not allow that third party access to personally identifiable information from education records for at least five years.

(iv) For the purposes of paragraph (a)(6) of this section, the term *organization* includes, but is not limited to, Federal, State, and local agencies, and independent organizations.

(7) The disclosure is to accrediting organizations to carry out their accrediting functions.

(8) The disclosure is to parents, as defined in § 99.3, of a dependent student, as defined in section 152 of the Internal Revenue Code of 1986.

(9)(i) The disclosure is to comply with a judicial order or lawfully issued subpoena.

(ii) The educational agency or institution may disclose information under paragraph (a)(9)(i) of this section only if the agency or institution makes a reasonable effort to notify the parent or eligible student of the order or subpoena in advance of compliance, so that the parent or eligible student may seek protective action, unless the disclosure is in compliance with—

(A) A Federal grand jury subpoena and the court has ordered that the existence or the contents of the subpoena or the information furnished in response to the subpoena not be disclosed; or

(B) Any other subpoena issued for a law enforcement purpose and the court or other issuing agency has ordered that the existence or the contents of the subpoena or the information furnished in response to the subpoena not be disclosed.

(iii)(A) If an educational agency or institution initiates legal action against a parent or student, the educational agency or institution may disclose to the court, without a court order or subpoena, the education records of the student that are relevant

Case 3:02-cv-01116-EBB Document 134-4 Filed 05/12/2006 Page 9 of 14



The information is destroyed o longer needed for the purposes ch the study was conducted; If this Office determines that a party outside the educational or institution to whom infor- is disclosed under this para- (a)(6) violates paragraph )(B) of this section, the edu- l agency or institution may not hat third party access to person- entifiable information from edu- records for at least five years.

For the purposes of paragraph f this section, the term *organiza-* cludes, but is not limited to, l, State, and local agencies, and ndent organizations.

he disclosure is to accrediting zations to carry out their ac- ng functions.

he disclosure is to parents, as de- n §99.3, of a dependent student, ned in section 152 of the Internal e Code of 1986.

The disclosure is to comply judicial order or lawfully issued na.

he educational agency or insti- may disclose information under aph (a)(9)(i) of this section only agency or institution makes a able effort to notify the parent ible student of the order or sub- in advance of compliance, so e parent or eligible student may rotective action, unless the dis- is in compliance with—

A Federal grand jury subpoena e court has ordered that the ex- or the contents of the subpoena information furnished in re- to the subpoena not be dis- ; or

Any other subpoena issued for a forcement purpose and the court er issuing agency has ordered he existence or the contents of bpoena or the information fur- in response to the subpoena not losed.

A) If an educational agency or ution initiates legal action t a parent or student, the edu- al agency or institution may dis- to the court, without a court or subpoena, the education s of the student that are relevant



for the educational agency or institution to proceed with the legal action as plaintiff.

(B) If a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself.

(10) The disclosure is in connection with a health or safety emergency, under the conditions described in §99.36.

(11) The disclosure is information the educational agency or institution has designated as "directory information", under the conditions described in §99.37.

(12) The disclosure is to the parent of a student who is not an eligible student or to the student.

(13) The disclosure, subject to the requirements in §99.39, is to a victim of an alleged perpetrator of a crime of violence or a non-forcible sex offense. The disclosure may only include the final results of the disciplinary proceeding conducted by the institution of postsecondary education with respect to that alleged crime or offense. The institution may disclose the final results of the disciplinary proceeding, regardless of whether the institution concluded a violation was committed.

(14)(i) The disclosure, subject to the requirements in §99.39, is in connection with a disciplinary proceeding at an institution of postsecondary education. The institution must not disclose the final results of the disciplinary proceeding unless it determines that—

(A) The student is an alleged perpetrator of a crime of violence or non-forcible sex offense; and

(B) With respect to the allegation made against him or her, the student has committed a violation of the institution's rules or policies.

(ii) The institution may not disclose the name of any other student, including a victim or witness, without the prior written consent of the other student.

(iii) This section applies only to disciplinary proceedings in which the final results were reached on or after October 7, 1998.

(15)(i) The disclosure is to a parent of a student at an institution of postsecondary education regarding the student's violation of any Federal, State, or local law, or of any rule or policy of the institution, governing the use or possession of alcohol or a controlled substance if—

(A) The institution determines that the student has committed a disciplinary violation with respect to that use or possession; and

(B) The student is under the age of 21 at the time of the disclosure to the parent.

(ii) Paragraph (a)(15) of this section does not supersede any provision of State law that prohibits an institution of postsecondary education from disclosing information.

(b) Paragraph (a) of this section does not forbid an educational agency or institution from disclosing, nor does it require an educational agency or institution to disclose, personally identifiable information from the education records of a student to any parties under paragraphs (a)(1) through (11), (13), (14), and (15) of this section.

(Authority: 20 U.S.C. 1232g(a)(5)(A), (b)(1), (b)(2)(B), (b)(6), (h), and (i))

[53 FR 11943, Apr. 11, 1988; 53 FR 19368, May 27, 1988, as amended at 58 FR 3189, Jan. 7, 1993; 61 FR 59296, Nov. 21, 1996; 65 FR 41853, July 6, 2000]

### §99.32 What recordkeeping requirements exist concerning requests and disclosures?

(a)(1) An educational agency or institution shall maintain a record of each request for access to and each disclosure of personally identifiable information from the education records of each student.

(2) The agency or institution shall maintain the record with the education records of the student as long as the records are maintained.

(3) For each request or disclosure the record must include:

(i) The parties who have requested or received personally identifiable information from the education records; and

(ii) The legitimate interests the parties had in requesting or obtaining the information.

F

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAIYA SOLOMON : Civil Action No.
: 3:02-cv-1116 (EBB)(WIG)
Plaintiff, :
v. :
:
HARTFORD HOSPITAL, et al. :
:
Defendants. :

**ORDER**

The plaintiff has requested that the defendant Hartford Hospital ("Hospital") produce through discovery copies of any and all documents related to a complaint of race discrimination against the Hospital by a particular former student in the Hospital's School of Allied Health. The Hospital has objected to the production of such documents on several bases, one of which is that such documents only exist as part of the former student's educational record and, therefore, are protected from disclosure pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and its corresponding regulations. See 34 C.F.R. §§ 99 et seq. The Hospital has made an effort to notify the former student at her last known address of the plaintiff's request for these records and to advise her of her right to file an objection to such production within fourteen (14) days of her receipt of the notice.

The Court has received no objection from the former student. Accordingly, the defendant Hospital is HEREBY ORDERED to produce the requested documents to the plaintiff. Such documents shall be treated by the parties as "Confidential" and shall

only be used and disclosed in accordance with the terms of the terms of the Amended Stipulated Protective Order that has been entered in this case.

So ordered this the 8th day of October, 2004, at Bridgeport, Connecticut.

/S/ William I. Garfinkel
William I. Garfinkel
United States Magistrate Judge

G




One Constitution Plaza
Hartford, Connecticut 06103-1919
Phone: (860) 251-5000

Gregg P. Goumas
Phone: (860) 251-5521
Fax: (860) 251-5214
ggoumas@goodwin.com

October 21, 2004

Attorney Rachel M. Baird
Law Office of Rachel M. Baird
379 Prospect Street
Torrington, CT 06790-5239

Re: Solomon v. Hartford Hospital, et al.

Dear Rachel:

Enclosed herein you will find documents numbered HH 1190 through HH 1214. These are the documents pertaining Linda Husky and are being produced to you pursuant to Judge Garfinkel's Order dated October 8, 2004. These documents should be considered educational records subject FERPA and are also subject to the Stipulated Protective Order currently in effect in this case.

Sincerely,

Gregg P. Goumas

/lam
Enclosure
348271 v.01